STEIGERS v. GROSS.

A person named in the writ as a defendant, but upon whom the writ is not served, is no party to the action, and his liability to the plaintiff, in the contract, is not affected by the result of that action. He is, therefore, a competent witness for the defendant, if released from his liability for contribution.

Appeal from the St. Louis Circuit Court.

*Callahan for Appellant.*

The appellant insists that the court below did err in rejecting the proposed witness on the ground of incompetency by reason of interest in the suit.

1st. Because the witness could have had no interest going to his competency, other than that arising from his liability to contribution. Peake's Ev. 144, 145; 1 Stark. on Ev., 140, 145; 10 John. Rep. 21; 4 Bibb, 320, 330; 18 John. Rep. 352; 2 Aikers (Vermont) Rep. 138; 15 John. Rep. 270; 16 Mass. Rep. 118; 13 do. 148; 18 do. 118; Peake's Ev. 138; 3 N. Hamp. Rep. 115; 1 Stark. on Ev. 127, 130; 5 Mo. Rep. 476; Chit. on Bills, 413.

And 2d. Because that interest was removed by the release from the appellant to him. Peake's Ev. 154, 158, 170; 1 Swi. Dig, 748.

*Darby for Appellee.*

The interest of the witness may be divested before trial, by payment or release, and his competency will then be restored. Roscoe on Evidence, page 93. The general rule on this head is that no objection can be made to the competency of a witness, unless he is directly interested in the event of the suit, or can avail himself of the verdict in the cause so as to give it in evidence on any future occasion in support of his own interest. Roscoe on Evidence, page 81; T. Reports, 62, Smith v. Prayer.

To have rendered Francis Steigers competent as witness, therefore, the release should have been from the plaintiff; the co-defendant in the same transaction, could not qualify him or render him competent. It is clear, also, that if Mat-

thias Steigers could have proved payment of this note, by Francis Steigers, and had obtained a verdict in his favor, this same verdict would have been a full and complete bar to a recovery on the same note against Francis Steigers, and by this means the witness would have been directly interested in the event of the suit, and consequently coming within the rule as above laid down, his testimony was properly rejected by the court as incompetent. 1 Starkie, p. 121; 2 Starkie, pp. 747, 748. A witness is also interested, if the record would be the instrument of securing to him some advantage, or of repelling some charge against him, or claim upon him in a future proceeding. 2 Starkie, p. 747.

But in fact, there was no release whatever in this case. The record shows none. The objection to competency on the ground of interest, is removed by an extinguishment of that interest, by means of a release, executed either by the witness himself, or by those who would have a claim upon him, or by payment. In this case, therefore, no person could execute the release except the plaintiff. 2 Starkie, p. 758. In order to render a witness, by a release, it is necessary to produce it, and prove its execution. This was not done, or attempted in this case. 2 Starkie, p. 760. The court below properly rejected the witness as incompetent.

The record itself shows that the plaintiff entered at the time a remittitur for a much larger sum than the defendant in his brief now sets up, viz: two hundred and twenty-four dollars and fifty-nine cents. Substantial justice has been done.

But the case is definitely disposed of by repeated decisions of this court, for if the bill of exceptions do not contain the whole facts, this court can have no grounds to disturb the judgment below. The office of a bill of exceptions being to save facts that occur in the trial, it is necessary that such facts be set forth in the bill, otherwise the court above can have no grounds to reverse the judgment of the court below. Bartlett v. Draper, 3 vol. Miss. Reports, page 487. And when bills of exceptions are doubtful or imperfect, the court will not intend anything for the benefit of the party, whose duty it was to make the matter plain. 2 vol. Mis-

souri Reports, Collins v. Bowmer, p. 195. And unless a bill of exceptions purports to recite the whole evidence in a cause, the appellate court cannot undertake to say whether the court below should have granted a new trial or not. 5 vol. Miss. Reports, Hughes v. Ellison, page 110, The judgment should therefore be affirmed. Brady's ex'r. v. Waters, 1 vol. Mo. Rep. p. 406; Rector v. McNair, 1 vol. Mo. Rep. page 471.

SEPT'R TERM. 1841.

Steigers
v.
Gross.

## Opinion of the Court by Napton, Judge.

The appellee, Gross, sued Matthias and Francis Steigers, by petition in debt, on a note for eight hundred dollars. Gross obtained a judgment for the full amount, but remitted two hundred and twenty-four dollars and fifty-nine cents. From the bill of exceptions it appears that the defendant offered to prove by Francis Steigers, upon whom there had been no service, and whom the defendant had duly released, that two other notes, then in court, had been executed and subsequently paid to the plaintiff by the defendant in part payment of said note sued on. The court excluded the testimony on the ground of incompetency, to which opinion of the court exceptions were saved.

A person named in the writ as defendant, but upon whom the writ is not served, is no party to the action, and his liability to the plaintiff on the contract is not affected by the result of that action. He is therefore a competent witness for the defendant unless he is liable for contribution. A release from that liability renders him competent. Ames v. Whittington, 3 New Hamp. R. 115; 16 Mass. Rep. 118; 2 Starkie Ev. 130; Chitty on Bills, 413; Gibbs v. Bryant, 1 Pick. R. 118.

If from the record in this case it could be seen that the amount remitted by the plaintiff corresponded with the amount which the excluded testimony of F. Steigers would have established to have been paid, it would be apparent that the defendant had sustained no injury by the action of the circuit court in rejecting his witness. As the record nowhere shows how this was, and the remittitur may have

A person named in the writ as a defendant, but upon whom the writ is not served, is no party to the action, and his liability to the plaintiff, in the contract, is not affected by the result of that action. He is, therefore a competent witness for the defendant, if released from his liability for contribution.

SEPT'R TERM, 1841.

been for a less sum than the payment offered to be proved by the witness, judgment must be reversed, and the cause remanded.