Judge Birch
delivered the opinion of the court.
The only question properly presented by the record in this case, concerns the competency of Potterfield, a witness (and the only one) who was relied upon to prove the issue for the defendants in the court below—appellants here. Having been one of the obligors in the note sued upon, and failing to plead, there was a judgment against him by default, subsequently his cognovit to the action, and afterwards full releases by his co-obligors, as to subsequent costs and interest beyond six per cent. By his deposition subsequently taken, it was proven that he was in fact the principal, and the other defendants but securities in the note sued upon, and that these facts, which were setup in the pleas of the other defendants, were known to the plaintiffs’ intestate at the time of the execution of the note. Shortly after this the suit was dismissed as to Potterfield : but it is assumed that as at the time of taking his deposition, he was liable to be included in any final judgment which might be rendered against his co-defendants, he was thereby contingently liable to the plaintiff for the costs of the suit accruing from the subsequent litigation with his co-defendants, or sureties. It is deemed unnecessary to enquire how far this may be true, as a general proposition, and when applied to suits commenced, continued and concluded against joint and several obligors, since its converse in cases *371 such as this, results from the discretion and the duty devolving upon the courts to apportion and tax the costs to those parties ultimately liable, whose course of proceeding has occasioned them. The extent of Potterfield’s liability to the plaintiff being thus fixed by his confession of judgment, the subsequent releases of the other defendants, rendered him a disinterested, and consequently a competent witness. The court therefore erred in excluding his deposition, and for this reason, (the other judges concurring) its judgment is reversed, and the cause remanded.