## LONG vs. STORY Adm'x. of STORY, Dec'd.

1. A and B were formerly partners in the mercantile business: After the dissolution of the partnership, A executed a note to C in the name of the firm. Upon the trial of a suit upon the note against B, the latter released A (who was not a party) from all claim on account of the note, and offered him as a witness to prove that the note was executed for his individual debt. Held that A was a competent witness for B.

2. No ground of error will be considered in the supreme court which has not been assigned and relied upon in the court below.

APPEAL FROM CLAY CIRCUIT COURT.

ABELL & STRINGFELLOW for appellant.

The witness, J. H. Long, was competent; the suit having been dismissed as to him, he was no longer a party to the suit. He could not be affected by the judgment further than, if it

should be against the defendant, to be liable to the defendant for contribution. The release of defendant discharged him from this liability. A judgment in favor of defendant would not release him; the defence as to which he was called being alone applicable to the defendant, and in no wise affecting the rights or liabilities of the witness. One not a party to the suit, but liable to contribution, is a competent witness for defendant if released from all liability. 2 Wen. 527; 3 Wen. 240; 21 Wen. 136; 1 Hill 356; 3 Wen. 380; 1 Greenleaf, § 355, 356. In 3 Wen. 380, a co-obligor held to be competent as a witness in a suit against the others, is competent to establish a defence alone affecting the others, even *without a release.*

HAYDEN for appellee.

1. The court did not err in sustaining the objection to the competency of the witness, James H. Long, offered by the defendant to testify to the facts which defendant proposed to prove by him. He was a party to the note sued on, and equally bound for its contents with the defendant to the plaintiff, and the release executed by the defendant to him, did not effect or change the nature of his liability to the plaintiff for the debt sued for. And I hold it not to be competent for a joint co-promisor or co-obligor to make a release to his fellow of his responsibility upon their note, so as to qualify him to testify in his favor when sued for the joint debt. If such thing can be done, a creditor having a claim against more than one person as makers of a note or bond, would be liable in case he shall bring separate actions against them to be defeated in every case by their giving their respective releases to each other from all responsibility, in regard to the respective recoveries sought for against them in the several actions. For instance, A and B make their joint note to C for a debt. As joint promisors they *elect* to locate themselves in sister states *where* they cannot be joined in the same action as defendants; but they are sued within the respective jurisdiction to which they belong. B is introduced as a witness to prove that A, at the time the bond was made, was an *infant,* and therefore not *bound,* or he proves some *other* fact which in law is a bar to the *payee's* right of recovery; and judgment of consequence is rendered in favor of A, who by releasing B has destroyed the plaintiff's right against him upon the bond. Then B is sued, and A is introduced in his favor, and being *now neither* liable to the plaintiff or the defendant in *this* action, he is *surely* competent to prove that the defendant has *long since* paid the debt to the plaintiff, and this would be nothing but liberality on the part of this witness, who had been by his co-obligor's testimony discharged from the debt. By this rule of law it would be practicable and convenient for joint debtors to discharge themselves from their liabilities, and the rights of obligors would depend upon the integrity and veracity of *men bribed by the full amount of their obligations to swear to falsehoods.* This would be a monstrous rule to be recognised as correct in any code of laws.

2. The defendant, in his motion for a new trial, did not complain of the alleged error of the circuit court in rejecting the testimony of J. H. Long as a witness, nor ask the court to set aside the verdict of the jury, for that reason, and therefore he has no right *now here* to ask this court to set aside the verdict for that cause. See the following cases decided by this court and the cases therein refered to : 10 Mo. R. 515, 516, 9 Mo. R. 501, 502, 227; 7 Mo. R. 226; 11 Mo. R. 623; 2 Mo. R. 189.

Judge BIRCH delivered the opinion of the court.

John Long and James H. Long were formerly merchants and partners, under the name and style of J. & J. Long. Sometime after the dissolution of the partnership, the note in suit was executed by J. H.

Long, who signed the former partnership name. The cause having been discontinued as to J. H. Long, John Long filed, amongst others, a special plea, under oath, denying the execution of the note. On the trial, evidence was given to the effect that the note sued on was given in renewal of former partnership notes for money loaned, and that it was signed with the authority and consent of John Long.

The defendant having executed to J. H. Long a release from all claims on account of the note or the suit, offered him as a witness to prove that the note was executed for the individual debt of the latter, and that the partnership name was signed to it through mistake, and without authority from the defendant. The court rejected James H. Long as incompetent, and the defendant excepted. Other evidence was then given tending to show some of the same facts, but neither the evidence nor the instructions need be further considered in the view which is otherwise suggested and enforced by the record.

We have no doubt but that James H. Long was a competent witness under the circumstances, and for the purpose for which he was called. We have been recurred, however, to several previous decisions of this court, upon the reasoning of which, reliance has been placed to establish the practice that no ground of error shall be considered here which has not been assigned and relied upon in the motion for a new trial below ; and in addition to the cases thus cited, we have ourselves found a still earlier and more apposite one, (1 Mo. 718) which may be regarded as having fixed and established the practice in all cases where it is insisted upon, as in the one under consideration.

For the reason then that the error assigned and relied upon in this case was not brought to the notice and consideration of the judge below, as a reason why he should grant a new trial, it cannot be considered here, and the judgment of the circuit court must consequently stand affirmed.