CHARLES C. FINK *et al.*, Respondents, v. DAVID HEY *et al.*; LOUISA SCHULTE, Executrix, Appellant.

42　295<br>166s 633

St. Louis Court of Appeals, November 25, 1890.

1. **Witnesses:** DEATH OF PARTY. The statutes (R. S. 1889, sec. 8918) in regard to the effect of the death of one party upon the competency of another as a witness is an enabling, not a disabling, statute. A person competent to testify at common law is not made incompetent by the statute.

2. ———— : ———— : MEMBERS OF AN UNINCORPORATED SOCIETY. In an action by the trustees of an unincorporated society against the executrix of an alleged surety on the bond of a treasurer of the society, in which the execution of the bond by the decedent was in issue, and in which it was sought to establish the affirmative of this issue by admissions made by the decedent, *held* that a person who was a member of the society at the time of the alleged admission, but not at the time of the trial, was competent, but that one who was a member at both of said times was not,—his interest at the time of the trial being a disqualification.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Benj. J. Klene* and *Rassieur & Schnurmacher*, for appellant.

The court erred in admitting over the appellant's objection the testimony of the witnesses Weniger, Ball,

Hayden, and Spielman,· as to the alleged acts and admissions of Schulte at lodge meetings, on the ground that they were disqualified to testify as to such facts, if they existed, by reason of Schulte's death, and their interest in the result of the controversy. R. S. 1889, sec. 8918; *Butts v. Phelps*, 79 Mo. 302; *Williams v. Perkins*, 83 Mo. 379; *Stanton v. Ryan*, 41 Mo. 515; *Wiley v. Morse*, 30 Mo. App. 266; *Angell v. Hester*, 64 Mo. 142; *Ring v. Jamison*, 66 Mo. 424.

*H. M. Wilcox*, for respondents.

When a contract sued on is made on one side by two or more persons, and one of them dies, the adverse party is not thereby disqualified from testifying. *Williams v. Perkins*, 83 Mo. 379; *Nugent v. Curran*, 77 Mo. 323; *Amonett v. Montague*, 75 Mo. 43; *Fulkerson v. Thornton*, 68 Mo. 468; *Wiley v. Morse*, 30 Mo. App. 266; *Wallace v. Jecko*, 25 Mo. App. 313.

THOMPSON, J.—This was an action on a bond given by the defendant Lampert, as master of the exchequer, which means treasurer, of an unincorporated lodge of a benevolent society. The action was not defended, except by Mrs. Schulte, executrix of the estate of J. P. Schulte, one of the alleged sureties. The only question at issue was whether Schulte ever signed the bond. No direct evidence to that effect was adduced; but the evidence offered by the plaintiffs to prove the fact was the production of the bond in their custody, with his name signed to it by some one, and the evidence to the effect that he had admitted that he had become surety for Lampert on the bond.

I. Two of these witnesses were at the time when, according to their testimony, these admissions were made, members of the Missouri Lodge Number 2, of which the plaintiffs are trustees; but, at the time of giving their testimony, they had ceased to be members

of this lodge, and had become members of another lodge of the same order. Their testimony was objected to on the ground that Schulte was dead. These objections were not well taken. The statute ( R. S. 1889, sec. 8918 ) is an *enabling*, and not a *disabling*, statute. It does operate to disqualify any witness who was competent at common law. *Bates v. Forcht*, 89 Mo. 121, 127. These witnesses were neither parties to the suit, nor were they interested in the suit at the time of the trial. That they may have been incompetent at some time previous to the trial was immaterial, since the rule of the common law, which disqualified a witness on the ground of interest, had reference, in general, only to his interest at the date of the trial; and the party calling him might render him competent by a release. *Long v. Storey*, 13 Mo. 4; *Hogg v. Breckenridge*, 12 Mo. 369; *Steigers v. Gross*, 7 Mo. 261.

II. Two other of the witnesses, called to prove such admissions, were members of the Missouri Lodge Number 2, both at the time when the supposed admissions were made, and at the time when they gave their testimony. They were objected to on the same ground, but the court overruled the objection and permitted them to testify. These witnesses were clearly incompetent. They were incompetent at common law, and they have not been rendered competent by the statute.

I endeavored to show in my opinion of *Ashbrook v. Letcher*, 41 Mo. App. 369, that the statute has not been construed with any considerable degree of consistency, nor upon any uniform theory. There are two theories of construing it; one may be called the *analytical* theory; the other the *historical* theory. The former theory is that it is a general statute, undertaking to cover the whole subject of disqualification of witnesses by reason of being parties to the action or being interested in its event; and that, proceeding with this purpose, the statute creates, first, a *general rule*, which is that no witness shall be disqualified for these reasons,

and then proceeds to state certain *exceptions* to the rule. Under this theory, the simple inquiry in every case is, whether the witness comes within any of the exceptions of the statute. The other theory is that the purpose of the statute was to render witnesses competent in certain cases where they were disqualified by the common law, whilst preserving the common-law rule in certain definite cases. Under this theory, the course of reasoning is to consider, first, whether the witness was competent at common law ; for, if he was competent at common law, he is still competent, since the statute is, as already stated, an enabling, and not a disabling, statute. If it is found that he was competent at common law, the inquiry, of course, ends. But if it is found that he was incompetent at common law, then it remains further to consider whether the statute has rendered him competent ; and it has done so, unless he falls within some one of its exceptions. The later decisions in this state seem to prescribe the latter rule as the theory of interpretation. *Meier v. Thieman*, 90 Mo. 442 ; *Ring v. Jamison*, 66 Mo. 424 ; *Angell v. Hester*, 64 Mo. 142.

Under that theory the witnesses were clearly incompetent : *First*. They were interested in the event of the suit in such a way as rendered them incompetent at common law ; and, *second*, they were within the terms of the statutory reservation of the common-law rule. By the common law, a person, who had a direct interest in a trust fund, was not a competent witness to increase that fund. *Haydon v. Cornelius*, 12 Mo. 321. On this ground the creditors of a bankrupt were incompetent as witnesses to increase the fund of the bankrupt in the hands of his assignee,—a principle recognized by our supreme court, *arguendo*, in *Foster v. Wallace*, 2 Mo. 231, 227. Here, the Missouri Lodge Number 2 was an unincorporated body ; the plaintiffs were shown to be the custodians of its funds for the purposes of the trust created by the rules of the order ; and the witnesses

were, therefore, its equitable part-owners for the same trust purposes. They were hence incompetent at common law. The statute, by its very terms, leaves them incompetent. In the language of the statute, "one of the original parties to the contract or cause of action in issue and on trial is dead," namely, the testator of the defendant, Mrs. Schulte.

It is argued that this case falls within the rule of *Fulkerson v. Thornton*, 68 Mo. 468, which is that, where the contract sued on was made on the one side by two persons, one of whom has since died, that fact does not disqualify the adverse party from testifying in the case. But the argument, which attempts to bring the case before us within that exception, is a complete *petitio princeps;* for here it did not appear that any contract had been made by the deceased Schulte, but the sole issue to be determined was whether or not he was a party to any contract whatever in common with the living parties.

The judgment of the circuit court will be reversed and the cause remanded. All the judges concur.