JAMES R. BOOTH *vs.* THE BOOTH & BAYLISS
COMMERCIAL SCHOOL, INC.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 8th—decided June 5th, 1935.

*David R. Lessler,* with whom was *Frederick E. Morgan,* for the appellant (plaintiff).

*Lorin W. Willis,* with whom was *James T. Patterson, Jr.,* for the appellee (defendant).

HINMAN, J. The complaint was in two counts, the first the common counts, amplified by a bill of particulars setting forth a salary account of the plaintiff with the defendant, showing a credit balance of $3910, the second alleging indebtedness of that amount. The answer admitted that the sum was credited to the plaintiff on the books of the defendant but denied that it or any part of it was due and, in a special defense, alleged an agreement that salary should be drawn by the plaintiff and another employee, Bayliss, only in equal amounts from time to time and "as the financial condition of the defendant

corporation permitted out of profits of the defendant's business." The assignments of errors alleged to be apparent on the face of the record attempt to present questions which were not raised upon the trial and therefore are not entitled to be entertained upon appeal. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 616, 174 Atl. 169; *Rindge* v. *Holbrook,* 111 Conn. 72, 75, 149 Atl. 231. However, we indulge the appellant to the extent of brief comment. The first assignment is based upon an obviously accidental substitution of "defendant" for "plaintiff" in the special defense, which the record discloses did not mislead or prejudice the plaintiff. The allegations of the special defense are quite capable of the construction which the finding, hereinafter stated, shows the trial court adopted—that the agreement as to when the salaries were to be drawn was contemporaneous with the vote of the directors of the defendant to pay the specified amounts, together constituting such reciprocal promises between the parties as to afford a sufficient consideration. *Finlay* v. *Swirsky,* 103 Conn. 624, 631, 131 Atl. 420. As to the appellant's claim that the effect of the answer was to admit the allegation of the common counts that the $3910 was "due" the plaintiff from the defendant, it is clear that upon the trial the term "due" as employed in the complaint and answer was correctly construed as meaning mere indebtedness "without reference to the time of payment," as synonymous with "owing," and including a debt payable in futuro. *Ransom* v. *Bidwell,* 89 Conn. 137, 140, 93 Atl. 134; 3 Words & Phrases (1st Series) p. 2213. The issue of whether the amount alleged, although owed to the plaintiff by the defendant, had become payable was left open for determination and it is apparent from the record that this was the only really contested issue on the trial.

Likewise an important inquiry on this appeal is whether the conclusions of the trial court pertaining to this issue are supported in fact and in law.

The factual situation as revealed by the finding may be summarized as follows: The defendant is a corporation conducting a commercial school in Bridgeport. Since its inception the plaintiff and Wallace M. Bayliss have each owned or controlled thirty-nine shares of the capital stock, there being in addition only two qualifying shares outstanding. The plaintiff was and still is a director and until 1932 was president of the corporation and was employed by it from 1915 until February 15th, 1932, when his contract of employment was terminated by mutual consent. His services consisted of general administrative and office work, soliciting pupils, and miscellaneous detail work including teaching for a number of years. Bayliss was and is now actively engaged in the management and conduct of the school. In each year between 1922 and 1932 the plaintiff and Bayliss agreed upon and caused to be passed and recorded a vote of the directors authorizing the payment of equal salaries to them during the ensuing twelve months of an amount intended to cover the net receipts or profits anticipated during that year, and these authorized salaries were credited to the account of each on the books of the company. It was further agreed that of the salaries so authorized the plaintiff and Bayliss would from time to time draw equal sums, that any salaries not drawn in any year should be allowed to accumulate on the books of the company and be paid as receipts or earnings subsequently permitted, and that no part of the accrued salary account should be payable to either unless or until the defendant had sufficient funds to pay equal amounts to both. The purpose in voting such salaries and permitting unpaid portions to accumulate

on the books was to keep at a minimum the corporation Federal profits taxes, the personal income taxes which the plaintiff and Bayliss would be required to pay upon their salaries being substantially less than the Federal tax on corporate profit.

Between June 21st, 1922, and February 15th, 1932, the plaintiff and Bayliss withdrew on a weekly basis approximately equal sums, the amount so drawn being determined by the amount of cash accumulated by the corporation and the cash requirements for conducting its business. In this business there are seasons when receipts from tuition fees are much greater than in others, and it was necessary to accumulate a cash reserve during those seasons in order to carry the business through seasons when receipts were small. The amounts drawn by each were charged against them on the defendant's books, but there was at all times an accumulated balance, of varying amount, of the credit for authorized salaries above the amount so drawn, and amounting, in 1930 and 1931 and up to the time in 1932 when the plaintiff's employment terminated, to $3910 each.

The defendant has never declared a dividend and it is found that at no time since the accrual of the salary account of the plaintiff has the defendant had sufficient funds to justify any substantial payments to him and Bayliss on account thereof and that no part of the accrued salary account was payable to either party unless or until the defendant had sufficient funds to pay equal amounts to both. The plaintiff did not, prior to February 15th, 1932, demand any payment of the balance of the salary account appearing on the books of the corporation. Bayliss has received nothing on his accrued salary account. In 1932 he received a salary of $3600 and in 1933, a salary of $6000. After the plaintiff's resignation he refused to

release or forgive the balance owed to him and insisted that payment of it be made to him and made demand on the defendant therefor, but the defendant refused or failed to pay him that sum or any part thereof and he brought this action seeking to recover it.

The conclusions reached were in substance that the agreement was such that the salaries accrued to the plaintiff and Bayliss were to be paid only as and when the financial condition of the defendant corporation permitted, that no part of it was payable to the plaintiff until the corporation had sufficient funds for the purpose, that at no time has the financial condition of the defendant been such as to warrant payment of any substantial sum to them, and, therefore, "there was no money due and payable to the plaintiff from the defendant at the time when this action was brought."

The finding as to the agreement that "any salaries not drawn by them in any year should be allowed to accumulate on the books of the company and be paid as receipts or earning subsequently permitted" has sufficient support in the evidence to withstand the assignment attacking that portion which states that payment was to be made "as receipts or earning subsequently permitted." From the supporting evidence and other facts found it appears that this should be construed as contemplating that withdrawals on account of such accrued salaries should be made only when the funds of the corporation were of such amount, in excess of current expenses and such reserves of cash accumulated in the busy seasons as were required to carry the business during slack periods, as would permit withdrawals without prejudice to current conduct of the corporate business. The facts found as to the corporation's financial condition

do not establish that there has been such a margin sufficient to warrant payments of any substantial amount, at or since the retirement of the plaintiff and his demand for immediate payment and the commencement of this action.

The only indication of the existence of such a surplus prior thereto is afforded by the purchase, as shown by the balance sheets in evidence, in 1929 and 1930, of certain stocks, at a cost of over $8000, but which by 1932 had depreciated in value to about $200. The plaintiff justifiably might have demanded, at the time of such purchases, that the funds so expended be used, instead, to pay the accrued salaries, and might have prevented or repudiated that diversion of corporate funds, but the inference is inescapable that he concurred in the course taken and he cannot now be heard to complain of it. The only other point which the appellant suggests as having disenabled the defendant to pay is the increase, in 1933, of Bayliss's salary from $3600 to $6000, but the good faith of this does not seem to be questioned and the increased salary was less than any authorized since 1920 except for the years 1931 and 1932. Therefore the record does not disclose a colorable or unreasonable increase, made for the purpose of taking up a margin from which the plaintiff would otherwise be entitled to payment, which, as would other expenditure or disposal of corporate funds found to have been made with that purpose or unnecessary or prodigal expenditures having a like effect, would warrant a finding, notwithstanding it, of an ability to pay, or at least, entitle the plaintiff to payment commensurate with the amount of the funds so dissipated. *Tebo* v. *Robinson,* 100 N. Y. 27, 2 N. E. 383; *Work* v. *Beach,* 13 N. Y. Sup. 678; 2 Williston, Contracts, § 804. It is incumbent upon the corporation to manage its affairs and conserve its

finances "with a just regard to the rights of" the payee. *Lewis* v. *Tipton,* 10 Ohio St. 88, 91.

The further and most debatable contention of the plaintiff is that the agreement, under its terms as found, should be construed as equivalent to one to "pay when able" and as undertaking to pay within a reasonable time, rather than a conditional agreement under which payment is dependent upon the fulfillment of the condition. Whether a promise to pay when the promisor "is able" is one upon condition so that the promisee can recover only if he is able to show that the promisor is able to pay, or is to be held to amount, in legal effect, to an unconditional undertaking, is a question upon which there is a pronounced conflict of authority. 5 Page, Contracts, § 2597; 2 Williston, Contracts, § 804. The great weight supports a ruling that it is a conditional promise which, whether relied on to take a presumably existing debt out of the statute of limitations (as in most of the cases), or as an original promise, renders it incumbent upon the creditor to prove that the condition has been fulfilled, i. e. that the debtor is able to pay. There are, however, a number of cases, among which *Norton* v. *Shepard,* 48 Conn. 141, is commonly cited, which hold that such promises are to be construed to make the debt payable within a reasonable time. The cases are collected and extensively annotated in a note to *Benton* v. *Benton,* 27 L. R. A. (N. S.) 300 (78 Kan. 366, 97 Pac. 378), and present purposes are served sufficiently by citation thereto, as we find the instant case distinguishable on its facts as to the terms of the agreement from those cases, including our own, which adopt or point to the minority view.

In *Norton* v. *Shepard,* supra, the question was whether a promise to pay "as soon as possible" constituted a sufficient acknowledgment to take the case

out of the statute of limitations. It was held (p. 143) that the words above quoted did not really restrict or limit the meaning and force of the acknowledgment, implicit in the promise, of the existence of the debt, and inclination was indicated, obiter, to hold it unconditional, as not pointing "to any future event capable of proof," and it was said that the same would apply to a promise to pay "as soon as able . . . unless we assume that general financial ability is intended, which might be susceptible of proof." In the present case, as we construe the finding, the situation which would render the accrued salaries payable is so definite as to be practicably capable of proof. It is perhaps superficially more similar to the promise to pay when the debtor "could spare the money" which was construed in *Griffin* v. *Smith,* 101 Conn. 219, 224, 125 Atl. 465, as unconditional and to be performed within a reasonable time, but actually and in practical effect that proviso did not differ essentially, in indefiniteness and dependence upon the determination by the promisor as to convenience and ability to pay, from that in *Norton* v. *Shepard,* and is readily distinguishable from the agreement we are now considering. For this reason we do not impinge upon our earlier decisions in holding, as we do, that in order to recover it was necessary, and will be in any future action, that there be found the existence of such a financial situation of the defendant as, under the agreement, entitles the plaintiff to payment of or on account of his accrued salary. Upon the occurrence of the condition, liability to pay eventuates and is not removed by subsequent changes and developments, and designed prevention of the happening of the condition —as by expenditures made or obligations incurred for that purpose—may excuse the promisee from proving that it has occurred. 2 Williston, Contracts, § 804;

*Denney & Co.* v. *Wheelwright & Co.,* 60 Miss. 733; *Flather* v. *Economy Slugging Machine Co.,* 71 N. H. 398, 52 Atl. 454; *Chadwick* v. *Hopkins,* 4 Wyo. 379, 34 Pac. 899.

A further assignment claims a fatal variance between the allegation in the special defense of an agreement that the salaries should be drawn "as the financial condition of the defendant corporation permitted out of profits of the defendant's business," and the proof that they should be paid as receipts or earning permitted. So far as the record shows, the plaintiff contested the case on its merits without objection or protest on the ground of any claims of material variance so that, even were such variance involved, he could not now take advantage of it. *Fusario* v. *Cavallaro,* 108 Conn. 40, 42, 142 Atl. 391; *Jordan* v. *Apter,* 93 Conn. 302, 304, 105 Atl. 620. Some of the "incidental legal issues" argued in the appellant's brief are disposed of by what has already been said. The general allegations of the common counts were so limited by the bill of particulars as to show that the suit was one for unpaid balance of salary rather than upon an account stated, and claims based upon the latter theory are inapplicable to the case as pleaded, construed and tried. The parol evidence rule, sought to be invoked, does not apply to the agreement as to when the salary was to be drawn. Portions of an entire agreement not contained in the writing, when it appears that only a part of it was intended to be reduced to writing, or a separate contemporaneous agreement, may be proved by parol. *Cohn* v. *Dunn,* 111 Conn. 342, 346, 149 Atl. 851.

There is no error.

In this opinion the other judges concurred.