## Oliver A. Jarvis *v.* Arthur W. Cunliffe

Brown, C. J., Baldwin, Inglis, O'Sullivan and Cornell, Js.

Submitted on briefs May 7—decided August 11, 1953

*John W. Joy* and *William M. Pomerantz*, on the brief for the appellant (plaintiff).

*Jay E. Rubinow* and *Leon Podrove*, on the brief for the appellee (defendant).

Inglis, J.   The complaint in this action alleged that on June 7, 1950, the defendant made his note for

$2000 payable to the plaintiff in thirty-six monthly instalments of $59.95 each, the first payment falling due on July 15, 1950, with the provision that, upon default of payment of any instalment, the unpaid balance would become due. It further alleged that the defendant defaulted the payment which became due on December 15, 1950. The answer admitted the execution of the note but denied that the balance claimed by the plaintiff was due. It also alleged by way of affirmative defense that the note was given in connection with the purchase by the defendant from the plaintiff of certain shares of the capital stock of Broad Street Motors, Inc., that it had been agreed that if the note was not paid the stock would be retransferred to the plaintiff in full satisfaction of the unpaid balance of the note, and that the stock had been retransferred.

The jury returned a verdict in favor of the defendant. The court denied the plaintiff's motion to set the verdict aside, and this action of the court is the only claimed error pressed on this appeal.

Upon the trial of the case, it was undisputed that in connection with the sale of the stock and the making of the note there was a written agreement whereby the stock was placed in escrow to be redelivered to the plaintiff in the event of a default in the payment of the note. There was also evidence upon which the jury might reasonably have found that there had been an oral agreement between the parties that, if the stock was handed back to the plaintiff in accordance with the escrow agreement, the defendant would have no further obligation on the note. The plaintiff's brief states that the only question on this appeal is whether evidence of a collateral oral agreement, made at the same time as the writings, to the effect that, if the stock should be returned, the note should

be considered paid, can be admitted to vary or add to the note and agreement. The disposition of the appeal must turn solely upon this point.

It is, of course, fundamental that a written contract may not be varied by parol and this is a rule of substantive law. *Cohn* v. *Dunn,* 111 Conn. 342, 346, 149 A. 851. It follows that, even though evidence of an oral agreement is before a trier, it may not be given the effect of varying a written contract which was intended to incorporate all of the terms of the agreement. *Nagel* v. *Modern Investment Corporation,* 132 Conn. 698, 700, 46 A.2d 605. It is also fundamental, however, that, if the parties do not intend a writing to be the repository of all of the terms of their agreement, the terms not incorporated in the writing are still a part of the binding contract even though they are provable only by parol testimony. *O'Keefe* v. *Bassett,* 132 Conn. 659, 662, 46 A.2d 847; *Booth* v. *Booth & Bayliss Commercial School, Inc.,* 120 Conn. 221, 230, 180 A. 278; *Cohn* v. *Dunn,* supra. What the intention of the parties was is a question of fact.

In the present case, the jury could reasonably have inferred that the agreement for the purchase and sale of the stock was primarily an oral contract and that it was the intention of the parties that the note and escrow agreement were to be nothing more than documents designed to implement the oral agreement. If that was the intention of the parties, clearly their rights and obligations would rest upon their oral agreement as a whole and not exclusively on the written documents. The proof of their oral agreement would not vary the terms of the writings they had executed. Assuming, therefore, as we are bound to do, that the jury did find that such was the intention of the parties, we cannot say that their verdict, based

upon the oral part of the contract, was not warranted on the evidence. The refusal of the trial court to set the verdict aside was proper.

There is no error.

In this opinion the other judges concurred.