## Walter J. Douglas *v.* Otto S. Nowakowski

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued June 8—decided July 7, 1954

*John W. Joy,* for the appellant (defendant).

*Lloyd G. Bates, Jr.,* with whom was *I. Albert Lehrer,* for the appellee (plaintiff).

Inglis, C. J. This is a suit to recover architect's fees. The trial court rendered judgment for the plaintiff, and the defendant has appealed.

The court found the following facts: In August, 1951, the defendant owned property on Main Street

in Hartford. Harry Odlum, a real estate broker, interested him in a project to develop the property into a shopping area. Odlum introduced the plaintiff to the defendant as a competent architect, and the general layout of the project was discussed among the three. It was estimated that the project would cost between $700,000 and $1,000,000. The defendant was not in a position to handle it without outside financing, which Odlum agreed to try to arrange. On the other hand, the plaintiff was unable to finance the cost of architectural services without receiving a retainer and further payments as his work progressed.

After several conferences, the plaintiff and the defendant, on August 24, 1951, entered into a written contract which provided that the plaintiff would render the architectural services for the development for a total fee of $15,000. There was to be a down payment of $1500, and the balance was to be paid according to the rules set up by the Connecticut Society of Professional Engineers. The initial payment was to be in the form of a ninety-day promissory note, which, it was understood, might be discounted by the plaintiff. The schedule of fees of the Society of Professional Engineers called for a payment of 10 per cent of the total fee as a retainer and an additional 20 per cent upon the completion of the preliminary studies and estimates. The written contract contained the entire agreement between the parties.

The $1500 note was paid. The plaintiff completed the preliminary studies and estimates and delivered sketches and blueprints to the defendant, who approved them. The plaintiff's bill for $3000, the additional 20 per cent of his fee, was ignored and has never been paid by the defendant. Attempts to fi-

nance the development were unsuccessful. The defendant has abandoned the project and sold his property.

Upon these facts the court concluded that, in accordance with the written agreement, the plaintiff is entitled to recover the sum of $3000, and rendered judgment in his favor for that sum plus interest. It is obvious that, as the finding stands, this conclusion was correct and that, therefore, if the defendant is to prevail upon this appeal, he must procure a modification of the finding. This he has attempted to do by assigning error in the finding of eleven paragraphs and in the failure to find thirty-eight paragraphs of the draft finding. All of these attacks may be reduced to two claims. The first is that the court was not warranted in finding that the plaintiff had completed all of that part of the work which entitled him to a payment of 20 per cent. The plaintiff's own testimony offered ample support for the court's finding on this subject.

The defendant's second claim is that the court should not have found that the written contract set forth the complete agreement between the parties but should have found that there was an oral agreement to the effect that the defendant's obligation to pay the architect's fees was conditional upon the arranging of adequate financing for the project. Thus, he seeks to bring the case within the exception to the parol evidence rule that, if it appears that the parties did not intend to incorporate their entire agreement in the writing, parol evidence is admissible to show an oral agreement that the terms incorporated in the written contract are not to become binding until the happening of some condition. *Cohn* v. *Dunn,* 111 Conn. 342, 346, 149 A. 851; see *Jarvis* v. *Cunliffe,* 140 Conn. 297, 299, 99 A.2d 126; *Booth*

v. *Booth & Bayliss Commercial School, Inc.,* 120 Conn. 221, 230, 180 A. 278.

The defendant's difficulty in seeking this modification of the finding, however, arises because the existence of such an oral contract was disputed. It is true that the defendant testified that it was understood between him and the plaintiff that the latter would look for his fees only to such money as was raised for the financing of the development. Plausibility was added to this by the testimony of both Odlum and the defendant that the latter had nothing to invest in the project except the land. On the other hand, it appeared that the defendant had given his negotiable promissory note for a portion of the architect's fee, with the understanding that the note could be discounted. To that extent the defendant had quite definitely committed himself unconditionally. That tended to contradict his claim that he was obligated only conditionally for the balance of the plaintiff's fees. On the evidence, the court was not bound to find that the parties had orally agreed that the defendant's obligation to the plaintiff under the written contract should be conditioned upon the defendant's success in financing the project. Accordingly, the finding is not subject to correction in this respect.

There is no error.

In this opinion the other judges concurred.