CONNECTICUT SAVINGS BANK *v.* CENTRAL
BUILDERS' SUPPLY COMPANY, INC., ET AL.
(2860)

DALY, SPADA and PURTILL, Js.

Argued April 26—decision released June 25, 1985

*James W. Shea,* for the appellants (defendants).

*Joseph H. Pellegrino,* for the appellee (plaintiff).

SPADA, J. The plaintiff, Connecticut Savings Bank, a mortgage lending bank, seeks to foreclose its mortgage security against Central Builders' Supply Company, Inc., the equity owner of a Branford shopping center, and against Norman and Sally B. Oestreicher, principal owners of Central Builders and guarantors of the mortgage note. The defendants specially pleaded that a collateral agreement between the parties precluded the plaintiff from foreclosing on its security.

The issue raised on appeal is whether the parties intended to make the mortgage note the repository of their final understanding upon the particular matter of agreement. We answer in the affirmative.

The evidence could reasonably establish the following facts. On January 31, 1973, the plaintiff loaned $450,000 to the defendants, secured by a mortgage on a North Branford shopping center. The terms of the note provided for monthly payments amortized over twenty years, "except that the entire balance unpaid on the 1st day of February, 1981, if any, shall then be payable or shall be payable at any time thereafter at the option of the holder hereof." On December 27, 1972, the defendants accepted the terms of the plaintiff's commitment letter which specifically set forth the terms of the loan as being "8 years, 0 months (callable at the option of the Bank)." Prior to February 1, 1981, the plaintiff demanded payment of the unpaid balance. The defendants refused, charging that the plaintiff's right to exercise its option of early payment was conditioned upon a principal tenant's nonrenewal of its lease.

At trial, the defendants claimed that the note was not intended to contain all the terms of the parties' agreement; that the callable option was waived upon the releasing by an anchor tenant; and that the trial court erred in refusing to vary and contradict the terms of the note.

The trial court concluded that it was not the parties' intent to reach an agreement other than that expressed by the written words of the mortgage note, that the option was properly exercised, and that the plaintiff was entitled to proceed with its foreclosure.

The parol evidence rule is not a rule of evidence but a rule of substantive law, defining the limits of a contract in issue. The fundamental question is one of the intent of the parties. If they intended to make the writing the repository of their final understanding upon the particular matter of agreement, then such evidence

must be excluded. *Cohn* v. *Dunn*, 111 Conn. 342, 346, 149 A. 851 (1930); Holden & Daly, Connecticut Evidence § 83, p. 293.

The defendants do not claim that the language of the note is either ambiguous or of doubtful import; rather, they argue that the parties did not intend to include their entire oral agreement in the note. The defendants assert that the plaintiff's option to call after eight years was a limited and conditional option. They contend that the parties collaterally agreed, either contemporaneously or subsequently, that the renewal of the anchor tenant's lease would abrogate the right of an early call.

Exceptions to the parol evidence rule, such as the existence of a separate oral agreement, are permitted as to any matter upon which the document is silent and which is not inconsistent with its terms, if from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them. *Douglas* v. *Nowakowski*, 141 Conn. 438, 440, 106 A.2d 468 (1954); Holden & Daly, Connecticut Evidence § 83, p. 301.

The trial court in examining the mortgage note and commitment letter found the language unambiguous, clear and unequivocal in its intent and import. It further concluded that the parties' entire agreement was expressed in the mortgage note. The issue in dispute, the option call, was directly addressed by the parties in both the commitment letter and the mortgage note, both documents approved and signed by the defendants. In deciding upon this intent, the principal barometer for the judge is found in the circumstances surrounding the particular element of the alleged extrinsic negotiation and whether it is dealt with at all in the writing. If it is mentioned, covered or dealt with

in the writing, then presumably the writing was meant to represent all of the transactions on that element. *Shelton Yacht & Cabana Club, Inc.* v. *Suto,* 150 Conn. 251, 258, 188 A.2d 493 (1963), Holden & Daly, Connecticut Evidence § 83, p. 302. We cannot conclude that the defendants, at trial, effectively rebutted this presumption.

Testimony, although not required, was permitted by the trial court to prove the existence of an oral agreement made either contemporaneous with or subsequent to the mortgage note closing. The defendants' contention that they were denied an opportunity at trial, because of the parol evidence rule, to substantiate an oral collateral agreement is contradicted by the record.

Upon an evaluation of the testimony and after a review of the relevant documents, the trial court concluded that the parties did not intend to reach an agreement other than that expressed by the mortgage note and deed.

The practical effect of the defendants' appeal is to seek a trial de novo. We have repeatedly pronounced that a trial court's decision will neither be reversed nor modified unless we determine that the decision is clearly erroneous. Practice Book § 3060D. The conclusions of the trial court cannot be set aside where they are legally and logically correct and where they find support in the facts set out in the memorandum of decision. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

There is no error.

In this opinion the other judges concurred.