[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action claiming that his employment with the defendant was terminated without just cause and, therefore, the defendant is liable for damages on the grounds that the defendant breached its contract with the plaintiff; that the plaintiff reasonably relied upon the promises made by the defendant; and that the conduct of the defendant constitutes negligent misrepresentations. The defendant has moved for a summary judgment asserting that, as a matter of law, the statements of the defendant cannot be interpreted as a contract; that the plaintiff was not entitled to rely on the claimed promises made by the defendant; and that the conduct of the defendant did not constitute negligent misrepresentations.
The issue for determination in a motion for summary judgment is whether the moving party would be entitled to a directed verdict of the same facts and the court must view the claim in the light most favorable to the nonmoving party. Connell v. Cowell,214 Conn. 242, 247 (1990). The common law "at will" relationship may be modified by acts of the employer which are sufficiently definite CT Page 1473 to establish an express contract between the parties, Finley v. Aetna Life Casualty Co., 202 Conn. 190 (1987), or which constitute a definite promise upon which the employee could reasonably have relied. See, D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206 (1987). In order to alter the common law employment "at will" relationship, it is necessary to demonstrate a deliberate substitution of an employment policy which must be based upon specific representations rather than expressions of intention with regard to future employment. D'Ulisse Cupo v. Board of Directors, supra, at 214-216. A contract of employment which is terminal at will cannot be transformed by an implied in law obligation to terminate employment only for just cause. See, e.g., Magnan v. Anaconda Industries Inc., 193 Conn. 558
(1984). Thus, an employer can terminate an employee even for a mistaken accusation because employment at will can be terminated for any reason or for no reason at all. See, e.g. Morris v. Hartford Courant Co., 200 Conn. 676 (1986).
The plaintiff relies, in part, upon certain statements and procedures established in the employee personnel manual provided to him when he was first hired. It also appears from the affidavits submitted by the parties that, during his employment, the plaintiff was promoted from a job grade 17 to a job grade 20, and the defendant notes that the manual, by its specific terms, does not apply to job grades 18 and above. Accordingly, the court does not consider the content of the employee personnel manual.
The affidavit and deposition of the plaintiff contain a factual basis supporting the claims that when the plaintiff was first hired he told the defendant that job security was his "primary concern" because he had formed a consulting business which did well for a while but then went totally down the tubes. The plaintiff also claims that he was told that as long as he performed satisfactorily he would have a position with the company and there was a direct correlation between job performance and job security land if the performance was satisfactory, he did not have to worry about security. The plaintiff also relies upon similar statements made to him by various representatives of the defendant. In reviewing the facts most favorably to the plaintiff, the court cannot state, as a matter of law, the statements attributed to the defendant are not sufficient to sustain the claims made by the plaintiff.
The defendant also asserts that the defendant signed a letter confirming the offer and acceptance of employment which stated that CT Page 1474 it was understood that the employee had a right to terminate the employment at any time and that the company retained a similar right. The defendant claims that the document constitutes a contract within the meaning of the parol evidence rule and that its terms cannot be varied or contradicted by prior or contemporaneous oral statements. The parol evidence rule is a rule of substantive law, and the fundamental question is one of intent so that if the parties intended to make the writing the repository of their final understanding, then parol evidence is not admissible to vary that understanding. Connecticut Savings Bank v. Central Builders Supply Co., 4 Conn. App. 332, 333 (1985). Whether a document was actually the final repository of the oral agreements and dealings between the parties depends upon their intention and evidence as to that intention is sought in the conduct and language of the parties in the surrounding circumstances. Damora v. Christ-Janer, 184 Conn. 109,113-114 (1981). The court cannot conclude as a matter of law that parol evidence rules would preclude consideration of the factual assertions made by the plaintiff. Accordingly, the motion for summary judgment filed by the defendant is hereby denied.
RUSH, J.