Fairfield,<br>June,<br>1820.<br><br>Minor<br>v.<br>Mead.

—◦◦◦—

## NOBLE *against* COMSTOCK.

June 30.

*A.* brought *assumpsit* against *B.* on the following writing, signed by *B.* "These certify, that I have received a note of hand, given by *C.* for 300 dollars, on which there is due to *A.* 81 dollars, which I promise to pay to *A.*, with interest, whenever I shall have collected the same of *C.*, and not before." *B.* claiming that this note had been assigned to him, by *D.*, the payee, to secure the payment of 120 dollars, and that only the excess collected beyond that sum was to be paid to *A.* offered in evidence, in support of such claim, a writing, in the form of a letter from *D.*, addressed to *B.*, in which *D.* requests *B.* to give *A.* "a receipt for the balance, payable to him, when collected, in manner and form as you offered me, when we bargained;" on the back of which, *A.*, on the day of the date of the writing declared on, acknowledged, in writing, that he had received of *B.* "a receipt of a balance of 81 dollars on a note of hand [describing the note assigned to *B.*] agreeably to the directions of the within letter." Held, that this evidence was inadmissible, 1. because it was not parcel of the contract declared on; 2. because it would not have proved, that there was a mistake in that contract; and 3. because the supposed mistake was incapable of proof in a court of law.

THIS was an action of *assumpsit*, founded on the following writing: "*Norwalk, December* 29th, 1809. These do certify, that I, *David Comstock* of *Norwalk*, have received a note of hand, drawn on *Nathan* and *James Keeler*, of 300 dollars, bearing date 16th *November*, 1808; on which note there is due unto *David Noble*, sen., 81 dollars, 90 cents, which I promise to pay unto said *Noble*, with the interest which shall be due thereon, whenever I shall have collected the same of the said *Keelers*, and not before.

[Signed]        *David Comstock*."

On the trial, at *Fairfield, December* term, 1819, before *Bristol*, J., the plaintiff proved the writing above recited, and adduced evidence to shew, that the defendant received 118

*Fairfield,*
*June,*
*1820.*

Nobie
*v.*
Comstock.

dollars on the note ; which was all that was in fact due on it, but a less sum than appeared from the face of the note, and the indorsements on it, to be due, when it was assigned to the defendant ; the *Keelers* producing receipts, dated before the assignment, of payments to *David Noble*, jun., which did not appear by the indorsements. The defendant then claimed, that before the execution of said writing, *David Noble*, jun., the owner and promissee of the note, had assigned it to the defendant, to secure the payment of 120 dollars due to him; and that this sum was to be first retained, if collected, by the defendant, and then the balance, to the amount of 81 dollars, 90 cents, if there were one to that amount, was to be paid to the plaintiff. In support of this claim, the defendant read in evidence the following note : " Six months after date, we, the subscribers, for value received, jointly and severally promise to pay *David Noble*, or his order, the sum of 300 dollars, to be paid in good merchantable *oakum*, at six dollars *per cwt.* to be delivered at the store of *Burritt & Cannon*, at the city of *New-York*, *Peck-slip*, with interest after time of payment. Witness our hands, this 16th day of *November*, 1808.

[Signed.]                        *Nathan Keeler,*
                                 *James Keeler.*"

In connexion with this note, the defendant then offered in evidence the following writing : " Dear Sir, I am sorry to inform you, that the variation in my circumstances, occasioned by unforseen misfortunes, will not allow me to see to the collection of the note you had of me against *Nathan* and *James Keeler*, to secure you the payment of 120 dollars, with interest. Sir, it is my desire, that for your security, you put the note immediately in suit, or make them give you such security as will be satisfactory to you ; and to give the bearer, my father, a receipt for the balance, payable to him, when collected, in manner and form as you offered me, when we bargained ; as I have made a transfer of it to him, and the money is due to my father.

[Signed.]                        *David Noble,* jun."
[Directed.]   " To Mr. *David Comstock, Norwalk.*"

On this writing was the following indorsement : " *Norwalk, December* 29th, 1809. These do certify, that I, *David Noble* sen., have received of *David Comstock*, a receipt of a balance of 81 dollars, 90 cents, on a note of hand drawn on *Nathan* and

*James Keeler,* dated *November* 16th, 1808, agreeably to the directions of the within letter and order.

[Signed.]  *David Noble."*

To the admission of this writing the plaintiff objected, on the ground that it contravened the writing declared on ; and amounted, at most, to proof of a mistake, which could not be thus corrected. The judge excluded it ; and the plaintiff obtained a verdict. The defendant moved for a new trial, on the ground that the evidence offered by him, ought to have been received. This motion was reserved.

*Hatch* and *Bissell,* in support of the motion, contended, 1. That the writing declared on, and those offered in evidence by the defendant, constituted but one transaction, and were parts of an entire contract. Taken together, they shew what the understanding of the parties was, at the time they were given. The rule that parol evidence shall not be received to vary or controul a written contract, is not applicable here ; for the writings offered by the defendant, are of as high a nature, as the one on which the suit is brought. If the former are considered as parol, the latter must be regarded in the same light.

2. That the writing declared on being merely a *receipt,* even *parol* evidence was admissible to explain it. *Ensign* v. *Webster,* 1 *Johns. Rep.* 319. *Tobey* v. *Barber,* 5 *Johns. Rep.* 68. *Putnam* v. *Lewis,* 8 *Johns. Rep.* 389.

3. That if this writing is not to be considered as a receipt, but as a written simple contract ; and if the writings offered by the defendant are to be degraded to the rank of parol evidence ; still parol evidence may be given to contradict a written simple contract, or to shew that the whole of it was not reduced to writing, but that it was made with certain conditions or limitations, expressly agreed upon, but not contained in the written contract. *Barker* v. *Prentiss,* 6 *Mass. Rep.* 430, 434. The *effect* of the evidence in question, if admitted, would have been, to shew, that by the agreement of the parties, the defendant was, in the first place, to receive 120 dollars from the avails of the note given by the *Keelers,* and that of the balance, when collected, he was to pay over 81 dollars, 90 cents, to the plaintiff. Consequently, until the

38

*Fairfield,*
June,
1820.

Noble
*v.*
Comstock.

defendant had received the sum to which he was entitled, the plaintiff would have no right of action.

*Sherman*, contra, contended, That the general rule of law is, that no agreement in writing, whether a specialty or a simple contract, can be contradicted, varied, or explained, by parol evidence; and that the admitted exception of a latent ambiguity, did not exist in this case. He insisted, that the writing declared on, contained all that the court could regard as the agreement of the parties. A court of law will not receive parol evidence, even of a *mistake*, in a written agreement.— The *effect* of the evidence offered by the defendant, if admitted, would only render equivocal what before was explicit.

HOSMER, Ch. J. There exists no doubt, as to the construction of the contract, on which the plaintiff has founded his suit. It is a promise to pay eighty one dollars and ninety cents, whenever that sum shall be collected of the *Keelers*. This is unequivocal, explicit, and very different from the one contended for; that *Comstock* was to pay the money after he should have received it, and after he should first have applied one hundred and twenty dollars on a demand of his own. The testimony offered by the defendant, was rightly rejected.

In the first place, it would not have proved, that there existed any mistake in the contract, on which the suit was brought. It appears, that *Comstock* had received the note of the *Keelers* as a security for one hundred and twenty dollars due to him; and, on its reception, had entered into an engagement, to which *David Noble*, jun. refers in his letter, in which he requests him to do " in manner and form as he offered, when they bargained." Upon the receipt of this letter, the written promise, which shows what the " manner and form" was, was given. It is not unreasonable to infer, that *Comstock* agreed to pay the debts of the plaintiff out of the first monies collected; and that this was the matter alluded to.

Secondly, the testimony was not receivable as parcel of the contract, not having existed cotemporaneously, to effect the same object. *Montague* & al. v. *Tidcombe* & al. 2 *Vern.* 518. *Treat. Eq.* 49.   *Gillespie* v. *Moon*, 2 *Johns. Chan. Rep.* 596.

Lastly, in a court of law, the supposed mistake was incapable of proof. "The rule in the courts of law, is, that the written instrument does, in contemplation of law, contain the true agreement of the parties ; and that the writing furnishes better evidence of the sense of the parties than any that can be supplied by parol." But in equity, relief can be had against any deed or contract in writing founded in mistake or fraud. i *Madd. Chan.* 41. and the cases cited *ibidem. Moses* v. *Murgatroyd,* 1 *Johns. Chan. Rep.* 128. *Marks* v. *Pell,* 1 *Johns. Chan. Rep.* 594. *Gillespie* v. *Moon,* 2 *Johns. Chan. Rep.* 585. *Lyman* v. *United Ins. Co.* 2 *Johns. Chan. Rep.* 630.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

New trial not to be granted.