Henry G. Smith, J.,
delivered the opinion of the Court.
The facts material to present the questions upon which the case turns, are these:
"Wallace bought the land in controversy, on the 2d day of June, 1860, at execution sale, upon judgment against Reynolds. Within two years after the sale, the Walker Brothers being judgment creditors of Reynolds, redeemed the land from Wallace; and soon after the expiration of the two years, obtained a conveyance of the land from the Sheriff. Afterwards, and on the 12th day of February, 1863, they sold and conveyed the land to Baker. Before the conveyance to Baker, and after the expiration of the two years, and while the Walker Brothers held the title to the land, Reynolds proposed to them to redeem, which they declined to allow him to do.
The bill was filed on the 14th day January, 1865, by Reynolds, against Baker and the Walker Brothers; and the purpose and prayer is to enforce the right of redemption. Reynolds grounds his claim of right to redeem, upon the 4th section of the constitutional amendments, of February 22, 1865, and upon the Act of the General Assembly, of May 30, 1865, chapter 10.
The 4th section of the constitutional amendments, and the Act of May 30, 1865, chapter 10, sections 1 *223 and 2, ordain and enact that no statute of limitations shall be held to operate from the 6th day of May, 186L {to the 1st day of January, 1867.
And the 4th section of the Act enacts that the time between those days shall not be computed or held to operate, in cases where real estate, sold under execution, decree, etc., is subject to redemption.
The Code, sections 21, 24, etc., authorizes the debtor, when land has been sold under execution, etc., to redeem it within two years after the sale, from the purchaser, or any one claiming under him.
It is apparent, from the foregoing statement, that the two years after the sale expired before the offer to redeem was made by Reynolds, and before the filing of his bill, and before the constitutional amendment of February 22, 1865, was ordained, and before the Act of May 30, 1865, was enacted.
And further, that if the time between the 6th day of May, 1861, and the day of the offer to redeem, or the date of the filing of the bill, be dropped from the computation, the offer to redeem and the filing of the bill, were within the two years prescribed by the Code for redemption after the day of sale.
For the complainant it is urged, that the law of redemption is a statute of limitations, and, therefore, within the scope and force of the constitutional amendment — the legislative Act of May 30, 1865.
The claim cannot be allowed, and for many reasons:
In the legislation of the State, the law of redemption has never been considered a statute of limitations. The Code of 1858 does not so classify it. It is treated *224 and classified as a law of property, and not of remedy; and is embraced under the title of “Eights of Property,” and not of “Civil Actions,” which latter title embraces the laws of limitations.
And so also, the General Assembly of 1865 appears to have considered it not a law of limitations. The 1st and 2d sections of the Act, in terms, embrace and dispose of the purpose of the Legislature in regard to the operation of statutes of limitation during the war of the rebellion. The effect of the war upon the laws of redemption is dealt with separately, and in the 4th section is disposed of in a manner and upon terms, differing from the treatment of the laws of limitation. In regard to the statutes of limitation, nothing more is done than to drop from the computation of time, the period between the 6th day of May, 1861, and the 1st day of January, 1867. But as to the law of redemption, that period is dropped from the computation of the time, and a limitation is prescribed upon the right to redeem, of six months after the 1st day of January, 1867.
Other and more decisive reasons, exclude the notion that the law of redemption is a statute of limitations. Essential differences exist, which distinguish them beyond the possibility of confusion.
The law of redemption is a statute which confers upon the party where land is sold for debt by executions, etc., the right to redeem or re-purchase the land within two years after the sale.
A statute of limitations is a law which prescribes the time during which a title may be acquired to pro *225 perty by virtue of adverse possession and enjoyment; or, it is a law which prescribes the time, at the end of which no action at law or suit in equity can be maintained: Ang. Lim., s. 1, 4th edition.
The differences are obvious and vital. In the class of limitations first defined, adverse possession of the property, in regard to which the law of limitation operates, is an essential element. Without possession, the law of limitation can have no effect upon the property. On the other hand, possession of the redeemable land is not an element that enters into, or to any extent, affects, the right of redemption. The right of neither party is in any manner, or to any extent, affected by the possession. The right exists, and is enforced or lost, without any regard to the possession.
Further, the title of the purchaser is not founded upon or made perfect by possession. His title is founded upon his purchase, and upon his purchase only. Possession neither adds to nor detracts from his title.
And so, too, as to the debtor whose land is sold. His right to redeem is not founded upon his having or not having possession. Out of or in possession, his right to redeem is all the same. It is lost by the lapse of time; and that, alone, puts an end to his right.
The adverse relation does not subsist between the debtor and the purchaser, as between parties where the law of limitations operates. The purchaser and debtor are in privity with each other. The purchaser holds under, and in privity with, and by succession to the estate and title of the debtor. His title is not ad *226 verse to the title of the debtor. It is the title of the debtor, conveyed by operation of law, directly to the purchaser.
Equally unlike is the law of redemption to the other class of statutes of limitation, those which especially operate upon and against the remedy. The debtor’s right to redeem or re-purchase, is not a cause of action at law or in equity. His right is to tender the money, and have a re-conveyance of the land to him. To perfect his right of redemption, requires no action at law or in equity. The tender of the money Avithin the two years, establishes and perfects the right. It is not the bringing of the action within the tAVO years which gives or saves the right. If the tender of the money be made within the time, the action may be brought after the lapse of the two years; and the law of limitations begins to operate in the case, from the time, of the tender and refusal, and not from the end of the two years after the day of sale. An action accrues immediately upon the tender and refusal, and the appropriate statute of limitations begins to run against such right of action, immediately from its refusal. Until tender and refusal, the debtor has no right to re-conveyance; and until tender and refusal, he has no right of action against the purchaser.
Indeed, the law of redemption and the law of limitations, are totally unlike in their nature, purpose and effect. The statutes of limitation have relation more especially to actions in the courts, and prescribe the time in which actions may be brought, and after which they may be defeated. On the other hand, the Ieav of *227 redemption is a law of property, and relates to tire acts of parties in pais, out of court; and prescribes and defines tbeir rights as defendants upon acts in pais, and not upon actions brought in the courts. The debtor defeats the right of the purchaser, by an act in pais,— the tender of the money — not by an action in court.
The conclusion is, that the law of redemption is not a statute of limitation, and is not embraced within the provisions of the fourth section of the constitutional amendments; nor within the first and second sections of the chapter 10, of the Act of 1865; nor can effect or validity be given to the fourth section of the Act, as an act of limitations.
In another aspect, the fourth section of the Act of 1865, is invalid, and for decisive reasons..
The right of the debtor' to redeem, is not an equity of redemption^ in the sense of the law of mortgage. It is not an estate or interest in the land. The whole estate is vested in the purchaser by the sale. The right of the debtor is strictly a right to re-purchase, by payment or tender of the money within the prescribed time. If the money be paid or tendered within the time, the debtor has a right to a re-conveyance of the land; and the purchaser is bound to make such re-conveyance. If the money be not paid or tendered, the right of the debtor is at an end and lost. The estate of the purchaser is absolute and indefeasible, and the debtor has no interest in it, or right with regard to it. So far as the debtor is concerned, the law is, after the lapse of two years, without offer to redeem, absolutely and exclusively the property of the purcha *228 ser, in as ample a manner as it is possible for the law to bestow and vest.
These principles, in respect of the estate and right of the purchaser and debtor, have the sanction of abundant cases decided by our predecessors in this Court; and have become elementary truths in the jurisprudence of the State: Martin & Yerg., 90; 10 Yerg., 133, 136; 4 Hump., 325; 5 Hump., 389; 3 Head, 686; 8 Yerg., 242; 1 Cold., 215.
It is theu certain, by the sale and lapse of two years without offer to redeem, the absolute estate in the land is vested in the purchaser. Such vested estate, it is not in the power of the General Assembly to divest by statute, against the will of the owner, unless for a public use, which this is not. A statute which attempts to take from one person his private property against his will, and bestow it upon another person for his private use, is universally held to be unconstitutional and void. It is a clear violation of that clause of the Bill of Bights, which ordains that no freeman shall be deprived of his life, libex-ty or property, but by the judgment of his peers or the law of the land: Constitution, Art. 1, sec. 8. By law of the land, is meant “due process of law:” Cool. Const. Lim., 352, 353; 2 Inst., 50; Bouvier Law Dic., Title, “Due Process of Law;” 2 Yerg., 260, 554, etc., etc. A legislative act which undertakes to deprive one person against his will of a vested estate, and to vest it in another for his private use, is not due process of law, or law of the land. It is an attempt by the Legislature to exercise a power which that *229 branch of the government does not possess, and which it is prohibited to exercise. Due process of law, means, in the due course of legal proceedings according to the rules and forms which have been established for the protection of private rights: Sedg. on Const. and Stat. Law, 681; 9 Con., 664; 4 John., 79; 3 Conn., 295; 2 Swan, 548, 249; 3 Yerg., 41; 2 Kent Com., 13, 339; 10 Yerg., 69; Cool. Const. Lim., 357; 4 Hill, 140; 11 Wend., 149; Cool. Const. Lim., 365.
It must, therefore, be held, that the 4th section of chapter 10, of the Act of May 30, 1865, is unconstitutional and void, so far as it undertakes to authorize the' redemption of land, which was sold more than two years before the passage of the Act, and which the debtor did not offer to redeem within two years after the sale.
Such is the general rule. Exceptions exist: as where the debtor was prevented by the fraud of the purchaser, from redeeming within the statutory time: 1 Head, 110; and also where the time has been extended by agreement between the debtor and the purchaser, and the right had become by such agreement, of the nature of an equity of redemption in the sense of the law of mortgage: 8 Hum., 460. Perhaps exceptions should also be allowed, where the debtor is prevented by duress, imprisonment, overwhelming power, and the like. The mere fact of the existence of war in the country, can, however, scarcely be deemed enough to excuse, without more. In Spink vs. Polk, 5 Cold., it was held, that the civil war did not excuse the punctual presentment of negotiable pa *230 per, and punctual notice of dishonor, where the holder and maker and indorser all reside in the same region of country; unless it appears that the violence of the war made it unsafe to make the presentment, and give notice of the dishonor. And it would seem that the like principle would rule, in respect of the offer to redeem, where war was raging in the country of the residence of the debtor and purchaser. Possibly an exception may be grounded on another principle: coui'ts of equity give relief under many circumstances, against forfeitures. The doctrines. upon this branch of equity jurisdiction, may, perhaps, be made to apply to cases of omission to redeem, where the omission has been produced by causes which would authorize relief against forfeiture. How this may be, it is not necessary now to decide. The case in hand does not fairly present the question in such aspect, and therefore, does not require a decision at this time.
Reverse the decree of the Chancellor, and dismiss the bill, at the cost of the complainant, but without prejudice.
*233 CASES ARGUED AND DETERMINED m THE SUPREME COURT OF TENNESSEE, POR THE WESTERN DIYISION. BROWNSVILLE,.APRIL TERM, 1869