ALBERT COHN, TRUSTEE (Lot No. 4) *vs.* JOHN T. DUNN, JR., ET ALS. (No. 1393)
ALBERT COHN, TRUSTEE (Lot No. 6) *vs.* JOHN T. DUNN, JR., ET ALS. (No. 1396)

First Judicial District, Hartford, March Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued March 4th—decided April 17th, 1930.

*Morton E. Cole,* for the appellant (plaintiff).

*Aaron J. Palmer,* with whom, on the brief, was *Saul Berman,* for the appellant (defendant Sissa).

*Edward J. Daly,* for the appellee (defendant Wethersfield Lumber Company).

*Henry J. Calnen,* for the appellee (defendant Hartford Lumber Company).

*David A. Wilson* for Bombeto, *Jacob Berman* for Tardiff, and *John F. Brady* for Tenore, also appeared on the appellees' brief.

BANKS, J. The only assignments of error pursued in the brief and oral argument of the defendant Sissa are those which complain of two rulings upon the admission of evidence, both of which involve substantially the same question. The defendant Dunn was asked upon his direct examination what if anything he said to Pellino with reference to construction mortgages upon lots five and six when he made the contract with him for the construction of the houses upon those lots. This evidence was offered by counsel for Sissa in support of the allegation in his cross-complaint that Pellino, before entering into his contract with Dunn, had agreed that he would not commence work or furnish material in the construction of the buildings on those lots before the placing of construction mortgages on the lots in favor of Sissa. It was excluded by the court on the ground that it was evidence of an oral agreement to vary a written contract. Subsequently the same witness was asked by counsel for Sissa what if anything Pellino said to him with reference to his doing any work on lots five and six before Sissa was to put on his construction loan, which was objected to by counsel for the subcontractors on the same ground, and the objection was sustained.

The principle is too well established to require citations that when parties have merged all prior negotiations and agreements in a writing, intending to make that the repository of their final understanding, evidence of such prior negotiations and agreements will not be received. It has been said that there is no

rule of evidence more flexible or subject to a greater number of exceptions. But, as has been pointed out by distinguished authority, it is not a rule of evidence, though commonly referred to as "the parol evidence rule." 5 Wigmore on Evidence (2d Ed.) § 2400. It is a rule of substantive law which when applicable defines the limits of a contract. 2 Williston on Contracts (1920 Ed.) § 631. Nor is it, as a rule of substantive law, one which is flexible or subject to exceptions. In the great mass of decisions in which the rule has been discussed the question always has been whether the rule was applicable to the situation presented. When found applicable it has uniformly been enforced. The apparent exceptions to the rule are cases which do not fall within it. A collateral agreement that the writing is not to take effect until the happening of some other event, portions of an entire agreement not contained in the writing when it appears that only a portion of the agreement was intended to be reduced to writing, and an entirely distinct contemporaneous agreement, may all be proved by parol. *Burns & Smith Lumber Co.* v. *Doyle,* 71 Conn. 742, 745, 43 Atl. 483; *Fernandez* v. *Thompson,* 104 Conn. 366, 369, 132 Atl. 895; *Siller* v. *Philip,* 107 Conn. 612, 620, 141 Atl. 872. The admission of the parol evidence in none of these cases contravenes the rule, though it may effect quite a different result than if the evidence were confined to proof of the written instrument. The fundamental question is one of the intent of the parties. Did they intend to make the writing the repository of their final understanding upon the particular matter of agreement as to which evidence is offered dehors the writing? If so, such evidence must be excluded. If, however, it appears that the parties intended to restrict the writing to specific subjects of negotiation, then other subjects may be proven "even though they be (as they always

are) different from the writing." 5 Wigmore on Evidence (2d Ed.) § 2431. This intent is to be sought in the conduct and language of the parties and the surrounding circumstances. *Brosty* v. *Thompson,* 79 Conn. 133, 136, 64 Atl. 1; *Pyskoty* v. *Sobusiak,* 109 Conn. 593, 597, 145 Atl. 58. Taking those all into consideration the question becomes one of the inherent probability that parties contracting under such circumstances would or would not make the agreement in writing and also the alleged oral agreement. 2 Williston on Contracts (1920 Ed.) § 638. "In deciding upon this intent, the chief and most satisfactory index for the judge is found in the circumstance whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transactions on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation. This test is the one used by the most careful judges, and is in contrast with the loose and incorrect inquiry whether the alleged extrinsic negotiation contradicts the terms of the writing." 5 Wigmore on Evidence (2d Ed.) § 2430. Though a matter is not mentioned in a contract the law may make an implication regarding it, as that the contract shall be performed within a reasonable time though there is no express agreement as to the time of performance in the writing itself. In such cases it is generally held that parol evidence of an agreement as to the time of performance is not admissible. "The contradiction is one fictitiously invented by the law when an ordinary contract does not state the time of performance, and the parties orally agree on a particular time." 2 Williston on Contracts (1920 Ed.) § 640.

The written contract between Dunn and Pellino for

the construction of the buildings on lots five and six, which is made part of the finding, provides that the buildings were to be finished on or before December 15th, 1927. It contains no provision as to when the work upon them was to be begun. The evidence which was excluded was offered in proof of a contemporaneous oral agreement that the work was not to be begun until after the placing of the construction mortgages upon the lots. This was not evidence as to the time of performance. That time was definitely fixed in the written contract as December 15th, 1927, and the proof offered does not tend to contradict or vary the contract in that respect. The law did not under the circumstances imply any agreement between the parties as to when the work under the contract was to be commenced. The offered proof does not therefore contravene the rule that parol evidence will not be received to contradict or vary a term which the law reads into a written contract. Since the written contract did not, as we have said, contain any provision as to when the work upon the buildings should be begun, the presumption is that the parties did not intend the writing to embody that element of their negotiations. It is common knowledge that building contracts do not ordinarily contain any provision as to when the work shall be begun. Dunn was financing the construction of these buildings by obtaining construction mortgages from the defendant Sissa, which of course he could not expect to obtain if they were to be subject to prior mechanics' liens of unknown amounts. If the agreement that the work upon the houses should not be begun until after the mortgages were placed was procured by Dunn for the purpose of enabling him to place the mortgages, it was collateral merely to his building contract with Pellino, although from the necessity of the case dealing directly with the subject-matter of

that contract. It was not an agreement which would serve any purpose in the building contract, and the inherent probabilities are that under the circumstances it would be made the subject-matter of a separate understanding. The admission of the proffered evidence would not have contravened the parol evidence rule and the court erred in excluding it.

The defendant claims that the evidence excluded should have been admitted on the ground that Pellino's declarations as to when he intended to commence work were relevant upon the issue as to when he actually did commence work. It was not offered for that purpose and the ruling cannot now be attacked on the ground that the evidence might have been admissible if it had been offered for another purpose. *McMahon* v. *Plumb*, 88 Conn. 547, 92 Atl. 113.

The proffer of the evidence which was excluded related solely to the buildings on lots five and six and to the contract for their erection. The contract for the erection of buildings on lots three and four was made a month later, and the record contains no assignment of error in connection with any rulings of the court with regard to that contract or the erection of the buildings upon those lots. The error in the rulings assigned in the appeal of the defendant Sissa arises only in case No. 1396, and there is no error upon that defendant's appeal in case No. 1393.

The trial court found that at the beginning of the trial it was agreed in open court by all the parties that the subcontractors appearing as defendants need not prove their mechanics' liens, and that the validity, amount and commencement dates of their liens were agreed upon by all the parties, as they appeared upon three sheets submitted to the court by counsel of the defendant Sissa. The plaintiff contends that no such agreement was made, and claims the right to contest

the validity of these liens. His appeal is based upon the denial of his motion to correct this portion of the finding, and he has also filed in this court an application for the rectification of the appeal by correcting the finding. The plaintiff annexed to his motion to correct his written exceptions to this finding together with a transcript from the record, the material portion of which is as follows: "At the beginning of the trial Mr. Berman, counsel for the defendant Sissa, addressed the court with reference to the agreements of counsel, as follows: . . . 'The amounts of all the liens are agreed on provided those liens—The amounts are agreed on. The only question that will come before Your Honor during a considerable part of the case will be the question of priority as between the lien of Pellino, the plaintiff, and the construction loan of Sissa, one of the defendants. That is going to be the main issue until we come to the question of defective workmanship.' " The finding to which exception is taken is not a finding in the ordinary sense of a finding of a fact in the case which must be supported by evidence, and which may be stricken out if found without evidence. If it is wrong the plaintiff is harmed not because it has been found without evidence, but because it misstates the facts as to what occurred upon the trial. The quoted excerpt from the record is from a statement made by counsel which may or may not have constituted all that occurred upon the trial to warrant the finding of the court as to the agreement stated. While the statement made by Mr. Berman, whose client's interests were adverse to those of the subcontractors, is not a positive statement that the validity of the liens had been agreed upon, it strongly suggests that fact, which is borne out by the fact that the trial proceeded to a conclusion without any offer of proof of those liens other than the statements appearing upon the three

sheets submitted by him. Such a statement made in open court, upon the basis of which the court is asked to proceed in the disposition of the cause, must be given the meaning which the trial court could reasonably attach to it. Under the circumstances we cannot say that the construction placed upon the statement by the court was not entirely reasonable.

An application for the rectification of an appeal under § 5836 of the General Statutes is the method particularly adapted to corrections in the appeal record requiring the use of evidence outside the record to establish what occurred upon the trial. Such an application has been filed by the plaintiff alleging that no agreement was reached by the parties as to the validity of their liens, and asking for a correction of the finding in that respect. From the depositions taken in support of this application it appears to be indisputable that, after the statement made by Mr. Berman at the beginning of the trial, the case proceeded to a close without the presentation of any evidence in support of the liens of the subcontractors, though counsel were prepared to offer proof of them if required, that counsel for the plaintiff thereafter prepared a judgment-file in which the validity and amounts of the liens was recognized, that in this judgment the lien of the plaintiff was given priority over those of the subcontractors, and that it was not until a hearing upon the opening of that judgment that any question was raised as to their validity. The depositions do not require the conclusion that there was no agreement made in open court at the beginning of the trial as stated in the finding. The application to rectify the appeal by correcting the finding is denied. In the absence of a correction of the finding the plaintiff's appeal must fail.

There is no error upon the plaintiff's appeal in either case. There is no error upon the defendant's appeal in

case No. 1393. There is error upon the defendant's appeal in case No. 1396 and a new trial ordered in that case.

In this opinion the other judges concurred.