HARRY M. LEVENTHAL v. TOWN OF STRATFORD.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 5—decided February 7, 1939.

*J. Kenneth Bradley,* with whom, on the brief, was *Samuel G. Payne,* for the appellant (defendant).

*David R. Lessler,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff sued the defendant for breach of an agreement to use the truck of a third person, a debtor of both, and to pay a portion of the proceeds to the plaintiff.  The facts are fully set forth in a former appeal reported in 121 Conn. 290, 184 Atl. 587, and that opinion construed the contract.  The judgment was set aside and the case remanded.  The court has found that upon the retrial counsel for both parties agreed that the issues were to be confined to a determination of the amount of damages, if any, the plaintiff was entitled to recover.  These damages have been assessed and the defendant has again appealed.

The finding on this appeal differs from that in the former appeal in no way which affects the issue and cannot be materially corrected.  Most of the facts sought to be added from the draft-finding are, in sub-

stance, included in the finding. The rest are either immaterial or are not admitted facts. The principal contested issue in this case was whether the defendant could have used the truck in question had it seen fit to do so. The defendant seeks to have nearly half of the finding relating to this issue stricken out as having no evidence to support it. An examination of the evidence, aided by the analysis in the plaintiff's brief, discloses that there is evidence to support all of these findings. The defendant also seeks to have stricken from the finding the fact that, under an agreement of counsel, the new trial was solely to determine the amount of damages. Such a transaction should always be made a part of the record to meet just such a situation as exists in this case. When it does not appear in the record as a stipulation or in the transcript of evidence but is found by the trial judge, the only way to secure its elimination is by rectification of the appeal. *Cohn* v. *Dunn*, 111 Conn. 342, 351, 149 Atl. 851; Practice Book, § 365, p. 110. No attempt was made to rectify the appeal and the effort must fail.

The only other assignments of error are based on the overruling of the defendant's claims of law. Most of these are really claims of fact, decided adversely to the defendant on sufficient evidence. The rest are constructions of the contract between the parties which are at variance with the prior opinion of this court. At page 296 of the previous opinion in this case we said: "It is evident that the purpose of the defendant was to agree that as, when, and so long as it thereafter had occasion to use the truck, it would do so." The defendant claims that the word "occasion" here meant "necessity" or "need." Both the context and the general situation show that the word cannot have been used in this sense. Fairly interpreted, it meant no

more than that the obligation of the defendant was to use the truck where it was carrying on work of such a nature that the services of the truck could reasonably be utilized.

The defendant never made any attempt to carry out its agreement and finally informed the plaintiff that it did not intend to carry it out. All of the defendant's contentions, including the claim that insufficient time had elapsed to permit full recovery, are disposed of by the following statement in the previous opinion in this case at page 299: "This express repudiation by the defendant constituted an actionable breach of the contract and entitled the plaintiff to treat it as putting an end thereto for all purposes of performance and to sue as he has for the money he would have otherwise realized thereunder. He is entitled to recover that compensation which will leave him as well off as he would have been had there been full performance." The assessment of damages appears to have been made in exact accordance with the rule laid down.

Both because the repudiation of the contract by the defendant justified a recovery of such damages and because by agreement of counsel the retrial was restricted to the assessment of damages, there is no need to consider the second count of the complaint based upon the claim that by an ordinance or resolution adopted by it the defendant had voluntarily disabled itself from performing the contract.

There is no error.

In this opinion the other judges concurred.