SIEGBERT NAGEL ET AL. *v.* THE MODERN INVESTMENT
CORPORATION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 7, 1945—decided March 6, 1946.

*Joseph I. Sachs,* with whom, on the brief, was *Harry L. Edlin,* for the appellant (defendant).

*Benjamin F. Goldman,* with whom was *Charles M. Lyman,* for the appellees (plaintiffs).

ELLS, J.  On October 2, 1943, the defendant, owner of a one-family dwelling house which was not fully

completed and ready for occupancy, executed a bond for a deed to the plaintiffs. At the same time, Harry Drazen, president and treasurer of the defendant corporation, signed a second written instrument in which he agreed to install certain specified articles of equipment and to guarantee the sufficiency of a heating boiler. The plaintiffs admitted in their pleadings that it was the defendant's contract and we so consider it. On October 9, 1943, the plaintiffs took title, paid the agreed balance and entered into possession. Disputes ensued concerning the proper completion of the house, and this action was brought, claiming damages for breach of contract. The essence of the complaint was that the defendant orally agreed and warranted on October 2 that the dwelling had been constructed in a first-class, workmanlike manner and when completed would be in first-class condition, that the heating system to be installed would be of sufficient capacity to heat the house properly, that the yard would be graded, that certain other things of a minor nature would be done, and that the cellar was dry. It was alleged that these agreements were breached in specified respects. The defendant denied that there was an oral agreement and pleaded a special defense to the effect that the written instruments constituted the entire agreement between the parties. The jury rendered a verdict for the plaintiffs for $2000 which was ultimately reduced by remittitur to $1300. The defendant has appealed.

The first assignment of error relates to the denial of the motion to set aside the verdict "as contrary to law." The plaintiffs claim that it cannot be considered, because it does not specify the reason why the verdict should have been set aside. Upon an appeal from the denial of such a motion we do not require more than an assignment of error that the motion was denied. Practice Book, § 362, requires no more than

compliance with Form No. 650, p. 411. The plaintiffs further rely on the fact that no exceptions were taken to testimony concerning the oral agreement. The so-called parol evidence rule is not a rule of evidence but of substantive law. *Cohn* v. *Dunn,* 111 Conn. 342, 346, 149 Atl. 851. While, no doubt, objection may properly be made to the introduction of evidence on the ground that its admission would be in violation of the rule, the essence of that objection would be that the evidence, if admitted, would be ineffective in determining the rights of the parties, because it could not legally affect their rights as defined in the writing, and so the evidence would be immaterial. 9 Wigmore, Evidence (3d Ed.), § 2400; Thayer, Preliminary Treatise on Evidence, p. 392. But if the evidence is admitted over objection or without objection, the question still remains for decision by the court whether under the circumstances of the particular case, any agreement extrinsic to the writing, even if proved, can in law be effective to add to, subtract from or vary the terms of the writing. *Dollar* v. *International Banking Corporation,* 13 Cal. App. 331, 343, 109 Pac. 499; *Black* v. *Bachelder,* 120 Mass. 171, 173; *Mears* v. *Smith,* 199 Mass. 319, 322, 85 N. E. 165; *O'Malley* v. *Grady,* 222 Mass. 202, 204, 109 N. E. 829; 4 Page, Contracts, § 2140.

The determinative question is whether there is testimony upon which the jury could reasonably find that the parties intended to supplement their written contracts by a contemporary oral agreement. The complaint relies wholly upon a single undertaking entered into during the conversation leading up to the execution of the written agreements. The parties were in negotiation for the sale of a home not completely finished. After much talk they came to the point of putting into writing what they had agreed upon. Both

parties ought to be entitled to rely upon the writing as the final repository of the things they had agreed upon, and were so entitled unless it appeared that they did not intend the writing to contain their whole agreement. *Cohn* v. *Dunn,* supra, 345. The plaintiffs in the instant case were required first to produce evidence upon which the jury could reasonably find that to be so. In *Cohn* v. *Dunn* we said (p. 347), quoting from Wigmore: ". . . the chief and most satisfactory index for the judge is found in the circumstances whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing." The present parties explicitly entered into a written agreement dealing with certain matters which would be included within the scope of any such broad undertaking as that claimed by the plaintiffs. It would be unreasonable and illogical to hold that the defendant, having expressly entered into certain written stipulations, would at the same time agree to a very much broader undertaking along the same line.

The necessary conclusion is that there was no evidence upon which the jury reasonably could have found that the parties intended to supplement their written contracts by a contemporaneous oral agreement of much broader scope. The plaintiffs in their brief seem to rely also upon various oral promises alleged to have been made upon several occasions subsequent to the contract of sale. It is not claimed that there was any consideration for such promises, and none is alleged or proved.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set aside the verdict.

In this opinion the other judges concurred.