MILDRED V. PARSONS *v.* MURIEL P. BROWN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND INGLIS, JS.

Argued December 7, 1949—decided February 7, 1950.

*William P. Barber,* for the appellants (defendants).

*Howard C. Bradford* and *Arthur S. Kaminsky,* for the appellee (plaintiff).

DICKENSON, J.  This is an action to quiet title to a triangular tract of land lying between property of the plaintiff and that of the defendants Muriel P. Brown and Marion E. Rhodes, hereinafter referred to as the defendants.  The defendants have appealed from a judgment decreeing title in the plaintiff, claiming that the finding of facts does not support it.  In their brief they also claim dedication of the tract to public use and a right of way over a road between it and the plaintiff's property.  We find no support in the finding, which is unattacked, for either of these last two claims, and dedication is not referred to in the pleadings.

The plaintiff and the defendants own neighboring property in Woodstock.  The triangular tract between their houses is bounded on its east side by what is conceded to be a public highway and on its north and southwesterly sides by the roadways involved in this dispute.  The plaintiff's house is north of the tract and the defendants' southwest of it.  The plaintiff claims that the roadway southwest of the triangle is an old town road that marks her boundary.  The defendants claim that the roadway north of the triangle is the old road and marks their boundary.  The decisive question before the court was whether the roadway north of the triangle or that southwesterly of it was the dividing line between the properties.  The trial court concluded that it was the latter roadway.  We have studied a stipulation of facts filed by the parties, the finding, read in the light of the fact that the court viewed the premises, and the deeds, maps and other exhibits which are made a part of it.  We cannot find that the conclusion of the trial court was illegal, unreasonable or

illogical. *deKay* v. *Shorehaven Realty Co.*, 104 Conn. 36, 54, 132 A. 533.

The defendants further claim, citing *Roberts* v. *Merwin*, 80 Conn. 347, 68 A. 377, that the plaintiff has attempted to establish the boundary line by the weakness of the defendants' title rather than by the strength of her own. Their apparent contention is that the trial court has fixed their boundary line by use of their deeds, but that this has not determined the plaintiff's title to the disputed triangle. It is a sufficient answer to this claim to point out that the finding is conclusive of the fact that the old road was the mutual boundary line of the parties, and that once its location was established so was the boundary.

The defendants assign error in the refusal of the trial court to find that they made a claim of law that a legal conclusion logically drawn from the facts proved warranted a judgment that the defendants have a right of way over the roadway north of the triangle. It was stipulated that "the only matter in dispute [was] the boundary line between [the] properties." While the parties agreed in argument before us that this stipulation should go out, it was, so far as appears, accepted by the trial court, and the judgment was therefore restricted to a determination of the boundary line. If the situation as developed on the trial was otherwise, the defendants' remedy was by an application to rectify the appeal. Practice Book § 365; *Leventhal* v. *Stratford*, 125 Conn. 215, 217, 4 A. 2d 428; *Cohn* v. *Dunn*, 111 Conn. 342, 351, 149 A. 851; Conn. App. Proc. § 141.

There is no error.

In this opinion the other judges concurred.