### Samuel B. Flauman v. Charles J. Mulrane

Superior Court     New Haven County     File No. 80007

Memorandum filed November 22, 1954.

*Samuel Shapiro,* of Milford, for the plaintiff.

*John J. Kinney, Jr.,* of New Haven, for the defendant.

Phillips, J.   The rule is too well established to require citations that when parties have merged all prior negotiations and agreements in a writing, intending to make that the repository of their final understanding, evidence of such prior negotiations and agreements will not be received.  This is more than a rule of evidence.  It is a rule of substantive law which when applicable defines the limits of a contract.  *Cohn* v. *Dunn,* 111 Conn. 342, 346.  The rule is not applicable, however, to a collateral oral agreement that the writing is not to take effect until the happening of some other event.  Ibid; *Burns & Smith Lumber Co.* v. *Doyle,* 71 Conn. 742, 745.  The allegations of the first special defense would permit evidence which might bring it within this principle.  The demurrer to this defense is overruled.

The defendant sets up the breach of the oral agreement in a cross complaint.  If it is an entirely distinct agreement from the subsequent written one, which the parties did not intend should be merged in the latter, it may be proved by parol.  *Cohn* v.

*Dunn,* supra. Whether this is so is for the trier to determine upon the evidence. It is to be observed that the subject matter of the prior agreement was not dealt with in the writing. Id., 347. The demurrer to the cross complaint is overruled.

The grounds of demurrer do not appear applicable to the second special defense and it is overruled as to this defense.