[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY UNIFIRST CORPORATION ON CROSS-CLAIM
In this personal injury action the defendant Unifirst Corporation filed a cross-claim for indemnification against the defendant Chadwick-Baross, the plaintiffs employer. The plaintiff is seeking to recover for injuries he sustained after he was burned when a torch with which he was working ignited flammable substances. The plaintiff claims that the garment he was wearing, which was supplied by Unifirst, was defective and caused the injuries he suffered. Unifirst has moved for summary judgment based on the indemnification provision of its Rental Agreement with Chadwick-Baross.
Statement of Facts
Unifirst Corporation filed a cross-claim for indemnification against Cadwick-Baross, dated January 29, 1998, which was based CT Page 2590 upon a Rental Agreement entered into by Unifirst Corporation and Chadwick-Baross for the rental of the garment(s) worn by the plaintiff at the time of his injury. That Rental Agreement provided in pertinent part:
 Customer acknowledges that the items furnished hereunder are for general purposes, and not designed or recommended for use in areas of flammability, risk or where contact with hazardous materials or ignition sources is possible. Customer therefore agrees to indemnify and hold harmless the company of and from any injury or damage to person or property resulting from use of the items furnished hereunder.
In the Complaint the plaintiff contends that the uniform he wore at the time of the incident was "in a defective condition, unreasonably dangerous to the plaintiff in that it was made of a 65% polyester/35% cotton-blend fabric, which was unsuitable for wear around oxygen/acetylene torch cutting, welding, and other ignition sources, especially in work environments where flammable or explosive liquids and vapors were present." ¶ 9. The plaintiff has also alleged that the material was inherently dangerous in that it lacked flame resistant/retardant qualities, was easily ignitable, had a capacity to burn rapidly and melted to the person wearing it. ¶ 10.
In opposition to summary judgment Chadwick-Baross, Inc. has provided the court with an affidavit from Gary Thebarge, its vice president of product supply. In that affidavit Mr. Thebarge states that prior to entering into the contract to provide uniforms, unidentified representatives of Unifirst visited all of the Chadwick-Baross facilities, and saw that its employees used torches, welding equipment, brazing and soldering devices, as well as flammable liquids. Mr. Thebarge further avers that Unifirst never "disclosed that this fabric was easily ignitable and that it tended to melt onto the skin of the persons wearing the fabric" and that Unifirst suggested that their standard uniform was appropriate for all Chadwick-Baross employees regardless of their work tasks or locations within the facility.
Discussion of Law and Ruling
Practice Book § 17-49 (formerly § 384) provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party CT Page 2591 is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991); Lees v. Middlesex Ins. Co., 219 Conn. 644, 650,594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact;D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978); Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stain,224 Conn. 524, 530, cert. denied, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993);Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1991). Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. City of New Haven, 213 Conn. 277, 279. 567 A.2d 829
(1989).
Chadwick-Baross claims that the affidavidit of Gary Thebarge creates an issue of material fact and, therefore, the summary judgment should not be granted. Unifirst argues that the indemnification language is clear and unambiguous, and, therefore, there is no room for construction or resort to extrinsic evidence and the intent of the parties to the contract is a question of law for the court.
This court must view the evidence in the light most favorable to Chadwick-Baross, the nonmoving party. Town Bank Trust Co. v.Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978); Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). Therefore, the court assumes that the "contract" referred to in the Thebarge affidavit is the Rental Agreement which CT Page 2592 contains the indemnification language and that Mr. Thebarge can actually name the employee or employees of Unifirst who made the claimed misrepresentations.
In HLO Land Ownership A. Ltd. v. Hartford,248 Conn. 350, ___ A.2d (1999), upon which Unifirst relies, the Court considered whether a certain provision of a stipulated judgment was unambiguous such that parol evidence with respect to that provision was properly excluded by the trial court:
 "A contract is to be construed as a whole and all relevant provisions will be considered together. . . . In giving meaning to the terms of a contract, we have said that a contract must be construed to effectuate the intent of the contracting parties. The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . . [Barnard v. Barnard, supra, 214 Conn. 109-10]. Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. . . . Levine v. Massey, 232 Conn. 272, 279, 654 A.2d 737
(1995). Absent a statutory warranty or definitive contract language, the trial court's interpretation of a contract, being a determination of the parties' intent, is a question of fact that is subject to reversal on appeal only if it is clearly erroneous. Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199, 520 A.2d 208 (1987)." (Internal quotation marks omitted.) Tremaine v. Tremaine, supra, 235 Conn. 57.
 Moreover, "[a]s we have so often noted, the parol evidence rule is not a rule of evidence, but a substantive rule of contract law. Security Equities v. Giamba, 210 Conn. 71, 77-78, 553 A.2d 1135 (1989); Damora v. Christ-Janer, 184 Conn. 109, 113, 441 A.2d 61 (1981); Cohn v. Dunn, 111 Conn. 342, 346, 149 A. 851
CT Page 2593 (1930); see also 2 Restatement (Second), Contracts § 213, comment (a) [1981]; 3 A. Corbin, [Contracts (1960)] § 573; 4 S. Wihiston, [Contracts (3d Ed. 1961)] § 631. The rule is premised upon the idea that when the parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed, that the whole engagement of the parties, and the extent and manner of their understanding, was reduced to writing. After this, to permit oral testimony, or prior or contemporaneous conversations, or circumstances, or usages [etc.], in order to learn what was intended, or to contradict what is written, would be dangerous and unjust in the extreme. Glendale Woolen Co. v. The Protection Ins. Co., 21 Conn. 19, 37 (1851)." (Internal quotation marks omitted.) Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 779-80, 653 A.2d 122 (1995).
 "The parol evidence rule does not of itself, therefore, forbid the presentation of parol evidence, that is, evidence outside the four corners of the contract concerning matters governed by an integrated contract, but forbids only the use of such evidence to vary or contradict the terms of such a contract. Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant. When offered for that purpose, it is inadmissible not because it is parol evidence, but because it is irrelevant. By implication, such evidence may still be admissible if relevant (1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud. Jay Realty, Inc. v. Ahearn Development Corporation, 189 Conn. 52, 56, 453 A.2d 771 (1963). These recognized exceptions are, of course, only examples of situations where the evidence (1) does not vary or contradict the contract's terms, or (2) may be considered because the contract has been shown not to be integrated; or (3) tends to show that the contract should be defeated or altered on the equitable ground that relief can be had against any deed or contract in writing founded in mistake or fraud. Noble v. Comstock, 3 Conn. 295, 299 (1820); see also Dale v. Gear, 38 Conn. 15, 18-19 (1871) (agency, trust, equitable relation or equity may be shown by parol evidence). TIE Communications, Inc. v. Kopp, 218 Conn. 281, 288-89, CT Page 2594 589 A.2d 329 (1991)." (Internal quotation marks omitted.) Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, supra, 231 Conn. 780-81.
248 Conn. at 356-359.
Chadwick-Baross claims that Unifirst failed to disclose that the uniforms should not be used near open flames. However, the Rental Agreement clearly contains such a disclosure because it states that the uniforms supplied by Unifirst were "not designed or recommended for use in areas of flammability risk or where contact with hazardous materials or ignition sources is possible." In the face of the foregoing language, it is difficult to imagine what type of evidence Chadwick-Baross could introduce to support its claim that Unifirst failed to disclose or warn that its uniforms should not be used near open flames.
If Chadwick-Baross claimed only that Unifirst failed to warn it about the unsuitability of its uniforms for use near open flames, then summary judgment would be appropriate since that claim is clearly contrary to language contained in the Rental Agreement which Chadwick-Baross executed. However, the affidavit of Mr. Thebarge also states: "Unifirst suggested that their `standard' uniform was appropriate for all Chadwick-Baross employees regardless of their work tasks or locations within the facility." The Rental Agreement contains no such representation. Parol evidence is admissible to prove a collateral oral agreement which does not vary the terms of the writing and to show mistake or fraud. Jay Realty, Inc. v. Ahearn Development Corporation,189 Conn. 52, 56, 453 A.2d 771 (1963).
If Chadwick-Baross can prove at trial that all of its employees spent substantial amounts of their day working with open flames, that Unifirst knew this and still recommended use of its cotton/polyester uniforms, then it might be able to avoid the effects of the indemnification language on the basis of fraud or misrepresentation. See Munroe v. Great American Ins. Co.,234 Conn. 182, 188 n. 4, 661 A.2d 581 (1995); State v. HartfordAccident Indemnity Co., 136 Conn. 157, 167, 70 A.2d 109
(1949); E. F. Construction Co. v. Stamford, 114 Conn. 250,257-58, 158A. 551 (1932); 1 Restatement (Second), Contracts § 162 (1981).
Based on the foregoing the court finds that Chadwick-Baross has raised issues of material fact with respect to the indemnification CT Page 2595 clause and denies the Motion for Summary Judgment.
By the court,
Aurigemma, J.