[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this insurance coverage action, the defendant Zurich American Insurance Company (Zurich) moves for summary judgment to enter in its favor. The plaintiff claims that Zurich owes it a defense and indenmification as to a dispute between the plaintiff and RMP Associates (RMP). In its motion, Zurich argues that this claim is without merit as a matter of law because Zurich's policy with the plaintiff specifically excludes coverage for the RMP dispute.
Zurich filed its motion on February 16, 2001; the plaintiff filed its objection on April 3, 2001 and a supplemental brief in objection on March 22, 2002; and on April 10, 2002, Zurich filed a supplemental memorandum in support of the motion. The court heard argument on April 22, 2002.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397
(2000); Miles v. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist.Michaud v. Gurney, 168 Conn. 431, 433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the CT Page 7365 court. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202 (1995).
Zurich claims that because the clear language of the policy excludes coverage for the RMP claim, summary judgment should enter in its favor. The plaintiff responds to this claim in several ways. It first argues that issues of material fact exist as to whether the binder was superseded by the policy. It then argues that issues of material fact exist as to whether a claim was made by RMP prior to the issuance of the policy. The third response is that the language of the endorsement should be read to exclude claims made prior to the issuance of the policy. Finally, the plaintiff argues that reformation should apply to its action against Zurich so that summary judgment should not enter. While the court does not accept all of the plaintiff' arguments it does find that genuine issues of material fact exist to preclude summary judgment.
The facts that are not in dispute follow: On September 17, 1998, the plaintiff sent the defendant insurance agency, Mathog Moniello Companies, Inc. (Mathog), an application for a "claims made" architects and engineers professional liability insurance policy. In that application the plaintiff responded to the following question:
 29. Do you have any pending dispute concerning the payment of fees to the firm for services rendered?
"Yes"
If yes, please explain in detail.
 "There may be an issue with RMP Associates concerning the construction management fee on the structural steel."
(Affidavit of Vincent Sabatini, March 13, 2001 [Sabatini Affidavit], Exhibit A.)
Thereafter, during negotiations for a policy with Zurich, Mathog forwarded a letter to Zurich from the plaintiff that included the following:
It is also understood that you have been put on alert (as stated in our application) to an arbitration situation with RMP Associates for fees due to Borghesi Building 
Engineering Co., Inc. We currently have a lien on the property owned by RMP Associates. Also, any counter claims will be vigorously defended by Zurich American as it would be had Borghesi Building Engineering Co., Inc. renewed CT Page 7366 this policy with Zurich Re.
(Affidavit of Amy Clauss, February 15, 2001 [Clauss Affidavit], Exhibit 2.)[1]
Later, on October 23, 1998, Zurich sent Mathog a memorandum with the following:
 Due to the apparent notice of circumstance that the insured has provided to you, and your indication that the insured's current carrier has been noticed as to a circumstance which could lead to a claim, claims related to RMP associates will not be covered by the new Zurich American policy and must be reported to the previous carrier for coverage. Since this is an issue raised in the warranty letter, we will need to add an endorsement to the policy that excludes coverage for RMP claims.
(Clauss Affidavit, Exhibit 3.)
Zurich issued a binder on November 3, 1998, after the plaintiff forwarded $22,500, representing one-half the premium to Mathog. There was no mention of RMP Associates on the binder. The binder indicated coverage from October 17, 1998 to October 17, 2001. On January 5, 1999, the plaintiff filled out another application at Zurich's request. In that application the plaintiff responded to the following question:
 A. Has any claim been made or legal action been brought in the past 10 years (or made earlier and still pending) against your firm, its Predecessors, or any past or current Principal, Partner, Officer or Director of your firm?
Yes X No _____
 C) Also R.M.P. Associates-we have a mechanics lien on property. Our agent, Matthew Weidman at Mathog Moniello Co. has been notified of this situation. At this time we are unaware of a counter suit.
(Clauss Affidavit, Exhibit 5, pp. 6-7.) The policy is dated January 14, 1999, although the plaintiff claims it did not receive it from Mathog until July 1999.
On June 18, 1999, RMP filed a counterclaim in the arbitration claim the plaintiff had instituted. The plaintiff notified Zurich of its claim for coverage for this counterclaim. Zurich denied coverage in a July 22, 1999 CT Page 7367 letter citing endorsement seven of the policy. That endorsement is dated January 19, 1999, and reads,
 This endorsement modifies insurance provided under the: Architects and Engineers Professional Liability Policy
 In consideration of the premium charged, it is agreed that this policy does not apply to any claim made by or against the following:
RMP Associates.
(Sabatini Affidavit, Exhibit L.)
The law applicable to the interpretation of insurance contracts is well established. Most recently in Buell Industries, Inc. v. Greater New YorkMutual Ins. Co., 259 Conn. 527, 538-39 (2002) our Supreme Court noted,
 We note that "`[u]nder our law, the terms of an insurance policy are to be construed according to the general rules of contract construction. See, e.g., Weingarten v. Allstate Ins. Co., 169 Conn. 502, 509-10 (1975), overruled in part on other grounds, Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371 (1991); A.M. Larson Co. v. Lawlor Ins. Agency, Inc., 153 Conn. 618, 622 (1966). The determinative question is the intent of the parties, that is, what coverage the . . . [plaintiff] expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy. Marcolini v. Allstate Ins. Co., 160 Conn. 280, 283 (1971).'" Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 769-70, (1995).
If there were no other issues beyond interpreting the language of endorsement seven clearly excluding coverage for "claims made by or against" RMP Associates, because there is no ambiguity in this language, the court would conclude that the defendant was entitled to summary judgment. This takes into account the favorable construction the court must apply to the words in an exclusion clause. Travelers Ins. Co. v.Namerow, 257 Conn. 812, 827 (2001) ("This rule of construction favorable to the insured extends to exclusion clauses.")
There are, however, issues as to the formation of this contract. In his affidavit, the plaintiff' chairman avers that throughout the negotiations for the policy it was his understanding that the RMP Associates claim would be covered, that the premium down payment was made CT Page 7368 with that understanding and that the plaintiff would never have purchased the policy without that coverage. He finally avers that the plaintiff never received endorsement seven until July 1999. (Affidavit of Allan R. Borghesi, March 13, 2001, ¶¶ 23-27.) Based on these averments and their relationship to the undisputed facts relating to the policy negotiations, there are issues as to the intent of the parties. While the defendant argues that such evidence violates the rule against the use of extrinsic evidence in contract interpretation, based upon its reading ofHeyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756,780-81 (1995), the court disagrees.
 "The parol evidence rule does not of itself, therefore, forbid the presentation of `parol evidence,' that is, evidence outside the four corners of the contract concerning matters governed by an integrated contract, but forbids only the use of such evidence to vary or contradict the terms of such a contract. Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant. When offered for that purpose, it is inadmissible not because it is parol evidence, but because it is irrelevant. By implication, such evidence may still be admissible if relevant `(1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud.' Jay Realty, Inc. v. Ahearn Development Corporation, 189 Conn. 52, 56 (1983). These recognized `exceptions' are, of course, only examples of situations where the evidence (1) does not vary or contradict the contract's terms, or (2) may be considered because the contract has been shown not to be integrated; or (3) tends to show that the contract should be defeated or altered on the equitable ground that `relief can be had against any deed or contract in writing founded in mistake or fraud.' Noble v. Comstock, 3 Conn. 295, 299 (1820); see also Dale v. Gear, 38 Conn. 15, 18-19 (1871) (agency, trust, equitable relation or equity may be shown by parol evidence)." TIE Communications, Inc. v. Kopp, 218 Conn. 281, 288-89 (1991).
The plaintiff has provided sufficient evidence that raises an issue of mistake or fraud in the formation of this policy.
Because the court determines that an issue of fact exists, the motion for summary judgment is denied. CT Page 7369
_______________ DiPentima, J.